**Stanislaw PILCH and Zofia Pilch, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE and Janet Reno, United States Attorney General, Respondents.**

No. 97–1008.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 18, 1997.

Decided Nov. 20, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 16, 1998.

Royal F. Berg (argued), Chicago, IL, for Petitioners.

Samuel Der-Yeghiayan, Immigration & Naturalization Service, Chicago, IL, David M. McConnell, Kristal A. Marlow, James A. Hunolt, Karen Fletcher Torstenson, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, Lisa R. Graves (argued), Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent Immigration and Naturalization Service.

Janet Reno, United States Attorney, Office of the United States Attorney General, Samuel Der-Yeghiayan, David M. McConnell, Kristal A. Marlow, James A. Hunolt, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent Janet Reno.

Before CUMMINGS, FLAUM, and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

Stanislaw Pilch and his wife Zofia reside in Chicago but are citizens of Poland and are parents of three children, who are United States citizens.[1] On May 21, 1993, petitioners were subjects of deportation orders to show cause by the Immigration and Naturalization Service (INS). They first appeared before an immigration judge on August 18, 1993. Accompanied by counsel they next appeared before the immigration judge on January 12, 1994, and designated Poland as the country of deportation. However, their counsel indicated that they were filing for suspension of deportation.

Accompanied by counsel petitioners again appeared before the immigration judge on July 29, 1994, but the case was continued until January 10, 1995. At the conclusion of the hearing on that date, the immigration judge found that the Pilches failed to establish extreme hardship to them or their United States citizen children as required for suspension of deportation. He granted them the privilege of voluntary departure in lieu of deportation.

On January 19, 1995, the Pilches filed a timely notice of appeal with the Board of Immigration Appeals. The Board recognized that the Pilches satisfied the requirements of good moral character and that they had proven seven years of continuous physical presence in the United States.[2] The Board considered that the Pilches' resistance to deportation was "largely based on the general economic conditions of Poland" but recognized that Mr. Pilch is in his mid-thirties, "skilled, healthy, and physically able." The Board also noted that the Pilches would be reunited with a son and most of their family members in Poland and that the hardship to their three younger children in moving to Poland was not extreme, particularly since they speak Polish and have many relations there. Finally, the Board concluded that the Pilches had failed to show extreme hardship to themselves or their children, and therefore their appeal was dismissed. The decision was rendered on December 3, 1996.

The Pilches seek review of the Board's decision to deny the suspension of deportation under § 244 of the Immigration and Nationality Act ( 8 U.S.C. § 1254). Since the transitional rules included in the Illegal Immigration Reform and Immigrant Nationality Act of 1996 (IIRIRA) provide that in cases where the deportation order is entered after a prescribed date there should be no appeal of any discretionary decision under that Section, this petition for review must be dismissed. Section 309(c)(4) of the IIRIRA provides that in a case "in which a final order of exclusion or deportation is entered more than

---

1. A fourth child was born in Poland before petitioners came to the United States and remains there.

2. The Board did not decide whether Mrs. Pilch had satisfied the seven-year requirement because the Board found that the Pilches had not established extreme hardship.

30 days after the [September 30, 1996] date of the enactment of this Act ... (E) there shall be no appeal of any discretionary decision under section ... 244 ... of the Immigration and Nationality Act (as in effect as of the [September 30, 1996] date of the enactment of this Act)." Here the final deportation order was entered December 3, 1996, more than 30 days after September 30, 1996, and consequently we lack jurisdiction to review it.

This Court recently reached the same conclusion on virtually identical facts. *Skutnik v. INS*, 128 F.3d 512 (7th Cir.1997). An earlier case, *Yang v. INS*, 109 F.3d 1185 (7th Cir.1997), was not concerned with the instant scenario and is not to the contrary. Finally, the Pilches' argument that the change in the statute governing appellate review has "mousetrapped" them by converting their concession of deportability into a jurisdiction-divesting event is unavailing. In *Reyes–Hernandez v. INS*, 89 F.3d 490 (7th Cir.1996), this Court stated that an alien who had conceded that he was deportable due to his conviction of certain crimes might have contested deportability had he known that under the Antiterrorism and Effective Death Penalty Act, conceding deportability on that ground would render him ineligible for discretionary relief from deportation and preclude judicial review of the INS' decision. See *id.* at 492–493. The change in the law might turn a strategic decision to forgo a defense to deportability in favor of an application for discretionary relief into a "mousetrap," leaving the alien with no judicial recourse. So long as he would have had a colorable defense to deportation, we held, the new statute could not retroactively preclude judicial review. *Id.* at 493.

Here the Pilches do not argue that they possessed a colorable defense to deportability. Nothing in the record indicates such a defense. The concession of deportability,

therefore, could not have been a strategic decision. There was no "mousetrap" here.

Petition for review dismissed for lack of jurisdiction.[3]

---

**3.** The Pilches also claim that their right to due process of law was violated because the Board of Immigration Appeals (BIA) did not consider all of the "equities" allegedly weighing in favor of suspending deportation. The claim is without merit, and so this Court need not decide whether we would have jurisdiction to review in a case presenting a more colorable claim that the BIA acted unconstitutionally in denying discretionary relief. See *Skutnik*, 128 F.3d at 514 (reserving question whether judicial review would exist where Attorney General's discretionary immigration decision arguably rested upon unconstitutional grounds).