Jerzy KOZAKIEWICZ, Petitioner,

v.

John D. ASHCROFT, Respondent.

No. 02–3427.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 3, 2003.

Decided March 15, 2004.

Edwin T. Gania, Chicago, IL, for Petitioner.

George P. Katsivalis, Department of Homeland Security, Office of the District Counsel, Chicago, IL, Deborah N. Misir, Department of Justice, Washington, DC, for Respondent.

Before POSNER, DIANE P. WOOD, and EVANS, Circuit Judges.

### ORDER

Jerzy Kozakiewicz appeals from the final order of the Board of Immigration Appeals (BIA) affirming, without opinion, the decision of the Immigration Judge (IJ) denying his application for suspension of deportation. Kozakiewicz raises two points in his appeal: First, he contends that the IJ improperly held against him the fact that he failed to depart from the United States in accordance with an order for voluntary departure and, as a result, incorrectly concluded that he had not satisfied the extreme hardship requirement for suspension of deportation. Second, Kozakiewicz argues that the BIA erred in using its summary affirmance procedure in his case. Kozakiewicz cannot prevail on either claim,

and thus we deny the petition for review and affirm.

Kozakiewicz, a native and citizen of Poland, entered the United States as a non-immigrant visitor in October 1986, with authorization to remain for six months. In 1989, the Immigration and Naturalization Service (INS) served him with an Order to Show Cause that charged him with deportability under Section 241(a)(2) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1251(a)(2) (1988), for having remained in the United States for a period longer than permitted. Kozakiewicz then filed an application for asylum, which he later withdrew, citing improved country conditions in Poland. (Conditions have indeed improved there; effective May 1, 2004, Poland will become a member state of the European Union. See the official website of the EU, *http://europa.eu.int/comm/enlargement/enlargement.htm.*) The IJ granted Kozakiewicz voluntary departure, but he did not depart within the designated six-month window.

In 1998, Kozakiewicz moved to reopen his immigration proceedings under the Nicaraguan and Central American Relief Act of 1997, and submitted an application for suspension of deportation under former Section 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1) (1994). The IJ denied Kozakiewicz's application on May 26, 2000, and ordered him deported to Poland. Under former Section 244(a)(1) of the INA, an alien is eligible for suspension of deportation if (1) she "has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application"; (2) she "proves that during all of such period [s]he was and is a person of good moral character"; and (3) her deportation would "result in extreme hardship to the alien or to [her] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The IJ concluded that, while Kozakiewicz satisfied the requirements of continuous presence and good moral character, he had not established extreme hardship. Specifically, the IJ found that the hardship Kozakiewicz claimed he would suffer upon his return to Poland was limited to that of an "essentially economic nature," which could not alone support a finding of extreme hardship.

In reaching this conclusion, the IJ found unpersuasive Kozakiewicz's arguments that it would be difficult or impossible for him to find work in Poland and that departure at this point would deny him the opportunity to obtain the Social Security benefits he had accrued while in the United States. The IJ noted that Kozakiewicz is in good physical health, has never learned English, has no family in the United States other than his wife, and has a grown son in Poland, with whom Kozakiewicz might be able to stay upon his return. The IJ also emphasized that Kozakiewicz had failed to depart from the United States after he was granted voluntary departure. The BIA issued an affirmance without opinion on August 19, 2002.

■ There is little this court can do to address Kozakiewicz's claims. We lack subject matter jurisdiction to hear his principal argument, which is that the IJ accorded improper weight to his failure to depart under the voluntary departure order and erred in concluding that he had not demonstrated extreme hardship. This case must be decided under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). IIRIRA repealed 8 U.S.C. § 1105a, which formerly governed judicial review of orders of deportation and exclusion, and replaced it with a new jurisdictional review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1). Section 1252 does not

apply, however, to parties who are in deportation proceedings that were commenced prior to April 1, 1997, the effective date of IIRIRA; that set of cases falls under IIRIRA's transitional rules. Kozakiewicz's preliminary deportation proceeding was held on February 8, 1991, which puts him in the transitional group.

Section 309(c)(4) of IIRIRA's transitional rules provides that in cases "in which a final order of exclusion or deportation is entered more than 30 days after the [September 30, 1996] date of the enactment of this Act, ... there shall be no appeal of any discretionary decision under section ... 244 ... of the Immigration and Nationality Act...." As the BIA issued its final deportation order on August 19, 2002, this case is subject to the limits on judicial review established in Section 309(c)(4). Under Section 309(c)(4), we have no jurisdiction to hear Kozakiewicz's appeal from the BIA's discretionary denial of his application for suspension of deportation under Section 244. See *Pilch v. INS*, 129 F.3d 969, 970–71 (7th Cir.1997) (holding that, under Section 309(c)(4), this court had no jurisdiction to review an appeal from the denial of an application for suspension of deportation when the final deportation order issued two months after IIRIRA's enactment). We thus make no comment on his arguments about the way the IJ used his failure to depart voluntarily when he had the chance to do so or the IJ's evaluation of the hardship he would experience upon his return to Poland.

■ Neither can we provide relief to Kozakiewicz with respect to his objection to the BIA's use of its streamlining procedure. Under the summary affirmance procedure found in 8 C.F.R. § 1003.1(a)(7), the BIA may affirm without opinion in cases in which one BIA member determines that the result reached in the decision under review was correct; that any

errors in the decision under review were harmless or nonmaterial; and that the issues on appeal are either clearly governed by precedent or not substantial. Here, the BIA's use of the streamlined procedure did not harm Kozakiewicz: "[T]his case simply does not present the sort of situation in which the collective judgment of the Board, as opposed to the review of one member, might well have resulted in a different assessment of the petitioner's case." *Ciorba v. Ashcroft*, 323 F.3d 539, 542 (7th Cir.2003). Kozakiewicz's appeal is fact-dependent and, "[s]ince we review directly the decision of the IJ when a case comes to use from the BIA pursuant to [the streamlining provision], our ability to conduct a full and fair appraisal of the petitioner's case is not compromised, and the petitioner's due process rights are not violated." *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir.2003).

For these reasons, we DENY the petition for review and AFFIRM the decision of the Board of Immigration Appeals.