# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 02-4274

BARBARA LASZCZ,

Petitioner,

v.

JOHN D. ASHCROFT,

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A29-607-132

_____

ARGUED MAY 28, 2004—DECIDED AUGUST 20, 2004

_____

Before BAUER, RIPPLE and ROVNER, *Circuit Judges*.

PER CURIAM. Barbara Laszcz,[1] a native and citizen of Poland, seeks review of an order of the Board of Immigration Appeals ("BIA") denying her suspension of deportation and voluntary departure. For the reasons set forth in the following opinion, we dismiss Ms. Laszcz's petition for lack of jurisdiction.

_____

[1] After her marriage in 1992, Ms. Laszcz changed her name to Barbara Smolen. However, we will refer to her throughout the opinion as Ms. Laszcz for continuity with her administrative proceedings.

# I
# BACKGROUND

## A. Asylum Proceedings

Ms. Laszcz entered the United States in September 1990 after paying a smuggler to convey her from Poland. The former Immigration and Naturalization Service ("INS") immediately detained her and issued her an order to show cause why she should not be deported. Ms. Laszcz conceded deportability but applied for political asylum and withholding of deportation (requests she later withdrew), as well as voluntary departure. After a hearing, an immigration judge ("IJ") allowed her to depart voluntarily. Ms. Laszcz did not appeal the IJ's decision to the BIA, but instead asked for and obtained an extension of time within which to depart voluntarily. Ultimately, after her voluntary departure period had expired, the INS issued her a "bag and baggage" letter, but she failed to report to the immigration authorities as directed. Instead, Ms. Laszcz remained in the country and, in 1992, married an undocumented alien. The couple has two children.

## B. NACARA Proceedings

In 1998, Ms. Laszcz moved to reopen her case to apply for suspension of deportation pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. 105-100, 111 Stat. 2193 (1998). NACARA allowed certain classes of aliens, including those of Polish origin, to reopen their closed immigration proceedings in order to apply for the discretionary relief of suspension of deportation. *See id.* § 203(c), 111 Stat. at 2199 (amending the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 309(g), Pub. L. 104-208, 110 Stat. 3009-575, 3009-627); *see also*

8 C.F.R. § 3.43(b) (2002). After the passage of NACARA, an alien could obtain suspension of deportation if she could show seven years of continuous presence in the United States, good moral character during that period and extreme hardship to either the alien or to her United States citizen spouse, parent or child if removed. *See Useinovic v. INS*, 313 F.3d 1025, 1033-35 (7th Cir. 2002); 8 U.S.C. § 1254(a) (1994) (repealed). Ms. Laszcz's motion to reopen her immigration proceedings was granted in March 2000.

The sole issue in Ms. Laszcz's reopened proceedings was whether she met the hardship requirement for suspension of deportation. Before an IJ, Ms. Laszcz testified about the effect that her removal would have on her family. She explained that she was a stay-at-home mother with two children in elementary school. She worried that her children, both United States citizens, would be forced to relocate to a foreign country with no friends and little family. She also feared that her removal would harm her marriage because her husband likely would not return to Poland with her; although her parents remain in Poland, her husband's parents live in the United States. The IJ was not persuaded, however, and found that Ms. Laszcz's testimony did not rise to the level of hardship required for suspension of deportation. The IJ also questioned whether Ms. Laszcz had demonstrated good moral character, noting that she had entered the country illegally and failed to depart when ordered. In November 2002, the BIA summarily affirmed the IJ's decision, *see* 8 C.F.R. § 3.1(e)(4), and Ms. Laszcz petitioned this court for review.

While briefing proceeded in this case, we directed the parties to discuss the following two issues: (1) whether a motion to reopen to apply for "special rule" suspension of deportation under § 309(g) of IIRIRA, as amended by § 203 of NACARA, should be viewed as a continuation of a prior

deportation proceeding or a new removal proceeding; and (2) if a motion to reopen under NACARA is treated as a continuation of a prior deportation proceeding, whether cases where a final order of deportation was first entered on or before October 30, 1996, should be governed by the Immigration and Nationality Act ("INA") § 106(a) or IIRIRA § 309(c)(4)(E). The parties have submitted their positions, and the case is ready for decision.

## II

## DISCUSSION

The central question in this appeal is whether this court has jurisdiction over Ms. Laszcz's petition for review. Section 309(c)(4)(E) of IIRIRA dictates that "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act" for those cases commenced before April 1, 1997, and "in which a final order of exclusion or deportation is entered more than 30 days after the date of enactment of this Act [September 30, 1996]." IIRIRA § 309(c)(4)(E), 110 Stat. at 3009-626. Both parties acknowledge that suspension of deportation and voluntary departure are forms of relief under the old (pre-IIRIRA) § 244 of the INA. *See Useinovic*, 313 F.3d at 1033-35 (discussing NACARA and INA § 244); *Tamas-Mercea v. Reno*, 222 F.3d 417, 427 (7th Cir. 2000); *Pilch v. INS*, 129 F.3d 969, 970-71 (7th Cir. 1997). Therefore, the Government submits that we lack jurisdiction to review the IJ's decision. In its view, Ms. Laszcz's November 2002 order is a final order of deportation entered more than thirty days after September 30, 1996, in a case commenced before April 1, 1997.

Ms. Laszcz disputes this characterization of her proceedings. She contends that the "grant of the motion to reopen

reopened the prior proceedings" so that "when the motion to reopen is granted . . . there is no longer an outstanding final order of deportation." Petitioner's Br. at 12. Ms. Laszcz goes on to argue that, because the original order of deportation no longer exists, the effect is to "transport[ ] the alien, the IJ, and the INS back to the moment in which the IJ found the alien deportable," in this case 1991, so that "the procedural rules as they existed at that moment apply." *Id.* Therefore, she argues, the rules for judicial review available in 1991—that is, the judicial review available prior to the passage of IIRIRA—apply to her case, and we may review the merits of the IJ's decision.

We recently evaluated nearly identical arguments in *Bronisz v. Ashcroft*, No. 02-4264 (7th Cir. Aug. 5, 2004). In *Bronisz*, the petitioner successfully had moved to reopen his immigration proceedings to apply for suspension of deportation pursuant to NACARA. *See id.*, slip op. at 3. An IJ denied him relief, and he sought review of that decision in this court. *See id.* at 4. We observed that the grant of a motion to reopen was much like the grant of a motion under Federal Rule of Civil Procedure 60(b). *See id.* at 8-9. We further noted, much like the petitioner suggests in this case, that, like a Rule 60(b) motion, the grant of the motion to reopen vacated the petitioner's previous order of deportation so that the reopened proceedings were in fact a continuation of the earlier immigration proceedings. *See id.* at 9. However, we rejected the argument that the motion to reopen somehow "transported" the petitioner back in time to give him the benefit of the immigration laws as they stood prior to the passage of IIRIRA. *See id.* at 10. Instead, we held that, because a final order denying suspension of deportation and voluntary departure had been entered in 2002, in a case that had commenced with an order to show cause in 1990, IIRIRA § 309(c)(4) barred our review of the IJ's decision to deny discretionary relief. *See id.* at 10.

There is no reason to reach a different result here. The grant of Ms. Laszcz's motion to reopen vacated the previous order of deportation against her and continued the proceedings that commenced in 1991 with the original order to show cause. Ms. Laszcz's attempt to place herself "back in the moment" of her initial immigration proceedings simply ignores the fact that the November 2002 order affirming the denial of her suspension of deportation and voluntary departure, and ordering her deported pursuant to the order to show cause served on her in 1991, is a "final order of deportation" entered after October 30, 1996. *See* 8 U.S.C. § 1101(a)(47)(A) & (B). To hold that she now is entitled to the judicial review available in 1991 would be to disregard the plain language of IIRIRA § 309(c)(4)(E), which applies to all cases commenced before April 1, 1997, and in which a final order of deportation is entered after October 30, 1996. *See* IIRIRA § 309(c)(4)(E), 110 Stat. at 3009-626. Although Ms. Laszcz contends that this result retroactively curtails judicial review for discretionary decisions, *see* Petitioner's Br. at 16-17, this argument depends entirely on her contention that the grant of the motion to reopen placed her procedurally back in time. Because we reject that contention, we see no retroactive application of the immigration laws to her case.

## Conclusion

For the foregoing reasons, the petition for review is dismissed for lack of jurisdiction.

DISMISSED

No. 02-4274                                                    7

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*