NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1796
_____

SU MEI YAN,
            Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A072 493 272
Immigration Judge: Frederic G. Leeds

_____

Argued : June 2, 2010

Before: AMBRO, CHAGARES, and VAN ANTWERPEN, Circuit Judges.

(filed: August 20, 2010 )

Robert J. Adinolfi, Esq. (Argued)
Louis & Adinolfi
110 Wall Street
11th Floor
New York, NY 10007

John Chang, Esq.
Suite 2001

401 Broadway
New York, NY 10013
        Counsel for Petitioner

Regina Byrd, Esq.
Susan K. Houser, Esq.
Thomas W. Hussey, Esq.
Justin R. Markel, Esq. (Argued)
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        Counsel for Respondent

_____

OPINION
_____

CHAGARES, Circuit Judge.

Xiao Wei Ye, aka Su Mei Yan ("Yan"), petitions this Court to review a final order

of removal issued by the Board of Immigration Appeals ("BIA"). An Immigration Judge

("IJ") denied her applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). The BIA dismissed her appeal. For the

reasons below, we will deny her petition for review.

I.

Yan is a native and citizen of the People's Republic of China. She was born in

Zhejiang Province on October 29, 1974. Yan arrived in Newark, New Jersey on

November 5, 1992 and, upon her arrival, the Immigration and Naturalization Service

("INS") detained her. The INS issued her a form I-122 charging her as excludable pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (declaring immigrants "not in possession of a valid unexpired immigrant visa" inadmissable) and § 212(a)(6)(C) (making aliens who misrepresent a material fact to procure entry inadmissible), and released her on parole. Yan failed to appear at her January 22, 1993 hearing and was ordered to be excluded and deported in absentia pursuant to § 212(a)(7)(A)(i)(I).

On May 25, 1993, Yan filed for asylum through a travel agency, claiming political persecution based on involvement in a student movement. That application was apparently never adjudicated, although the reason for that is unclear from the record.

Yan was married in the United States on December 31, 1997. She gave birth to two children in the United States – a son, born January 31, 1999, and a daughter, born October 12, 2001.

On November 30, 2006, over five years after the birth of her second child, Yan filed a motion to reopen the exclusion proceedings, claiming that she failed to appear at her January 22, 1993 hearing because she did not receive notice of the hearing. She also included a new application for asylum and claims for withholding of removal and withholding under the CAT based on the birth of her two children in the United States in violation of China's one-child policy. The Department of Homeland Security ("DHS") filed an opposition to the motion to reopen. On January 26, 2007, the IJ granted Yan's

motion to reopen.

At a hearing on March 21, 2008, Yan testified in support of her new application for relief. She recanted the contents of her first asylum application, and testified that a travel agency filed the application without informing her of what it was. Yan testified that she feared persecution based on the Chinese Family Planning Policy: "[b]ecause I already have two kids . . . if I go back to China, I will be persecuted, I will be sterilized." Joint Appendix ("JA") 152. Yan stated that she knew several people who had been sterilized by the Chinese government (including her mother), but that she did not know anybody who had been sent back to China from the United States and sterilized for having more than one child while in the United States. Yan also testified that in order for her children to attend school, she would have to register the children with the Chinese government, thereby alerting the government to the fact that she had two children.

In support of her application, Yan submitted her marriage certificate, the birth certificates of her two children, and background evidence on country conditions in China. She also submitted a certified notice from YongJia County Village Administration (the "certificate"), which states that Chinese citizens who have already given birth to two children are "targets for sterilization." JA 422. According to the certificate:

> [C]hildren given birth by Chinese citizens in the United States as excess birth children will be counted by the Family Planning's regulations. According to regulation under ZheJiang Province Population and Family Planning Administration, any Chinese resident who gave birth abroad, upon returning to the Country to register household, even if holding citizen [sic] of another country, are still administered as a Chinese citizen.

4

JA 422.

The IJ denied all relief on March 21, 2008. The IJ sustained the misrepresentation charge under § 212(a)(6)(C), finding that Yan was not truthful in her 1993 asylum application. He found that her new asylum claim was time-barred. The IJ also denied asylum as a matter of discretion based on Yan's prior false claim and the fact that removal would not disrupt family unity, as Yan's husband and family would return with her, and the rest of Yan's family resides in China. The IJ denied withholding of removal and CAT relief, finding that there was no authenticated evidence that China sterilizes people who are sent back to China after having children in the United States. The IJ found Yan's testimony with respect to the merits of her new application to be credible, but determined that her fear was unfounded.

Yan appealed, and the BIA dismissed her appeal. The BIA held that Yan was excludable based on § 212(a)(7)(A)(i)(I), and thus declined to reach the issue of whether the misrepresentation charge was properly sustained. The BIA determined that Yan's asylum claim was time-barred and concluded that even if Yan's application was timely, she had not demonstrated that she qualified for asylum because she did not establish past persecution or a well-founded fear of future persecution. The BIA also concluded that Yan failed to qualify for withholding of removal and CAT relief.

Yan timely petitioned this Court for review.

II.

5

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). When the BIA issues its own decision on the merits, as it did here, we review the BIA's decision. See Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010). We review the BIA's legal determinations de novo, subject to applicable principles of agency deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Id. We review findings of fact to determine whether they are supported by substantial evidence; such findings are conclusive "unless a reasonable adjudicator would be compelled to arrive at a contrary conclusion." Camara v. Att'y Gen., 580 F.3d 196, 201 (3d Cir. 2009) (citations omitted); see also 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

## III.

Yan argues that the BIA erred in holding that her asylum claim was time-barred. She also asserts that substantial evidence does not support the BIA's decision to deny her asylum, CAT, and withholding of removal claims. We reject both contentions.

## A.

We first consider Yan's claim that her asylum application was not time-barred. An alien must file his or her asylum application "within 1 year after the date of the alien's arrival in the United States." Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 604(a), Pub. L. No. 104-208, Sept. 30, 1996, codified at 8

6

U.S.C. § 1158(a)(2)(B). The one-year period "shall be calculated from the date of the alien's last arrival in the United States or April 1, 1997, whichever is later." 8 C.F.R. § 1208.4(a)(2)(ii). An untimely application may be considered if the applicant can demonstrate "changed circumstances which materially affect the applicant's eligibility for asylum" or "extraordinary circumstances relating to the delay." 8 U.S.C. § 1158(a)(2)(D).

Yan argues that the BIA erred by applying the one-year time bar to her asylum application because the bar does not apply to exclusion proceedings that pre-date IIRIRA. According to Yan, applying the one-year bar to her asylum application would be unfairly retroactive. The grant of Yan's motion to reopen vacated the 1993 order of deportation and continued the original proceedings. See Bronisz v. Ashcroft, 378 F.3d 632, 637 (7th Cir. 2004) (holding that a motion to reopen vacates the original order and reinstates earlier immigration proceedings); Lopez-Ruiz v. Ashcroft, 298 F.3d 886, 887 (9th Cir. 2002) ("The BIA's granting of the motion to reopen means there is no longer a final decision to review."). It did not "transport" Yan back in time to give her the "benefit of the immigration laws as they stood prior to the passage of IIRIRA." See Laszcz v. Ashcroft, 381 F.3d 611, 614 (7th Cir. 2004). Yan's retroactivity claim depends entirely on the theory that the motion to reopen resurrected the procedural rules as they previously existed. Because we reject that argument, and hold that the grant of the motion to reopen reinstated Yan's proceedings in a post-IIRIRA regime, this case does not present an issue of retroactivity. See id.

Yan also contends that the time bar does not apply to exclusion proceedings. However, there is nothing in the statutory language to indicate that the time bar applies to removal, but not exclusion, proceedings. As noted above, the time bar requires an alien applying for asylum to "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158 (a)(2)(B). This language does not preclude application of the one-year bar to exclusion proceedings. We agree with the BIA's conclusion that "the dispositive factor here is the 2007 filing, not the fact that these proceedings are exclusion and not removal proceedings." JA 3.

For these reasons, we conclude that Yan's 2006 asylum application was time-barred.

### B.

Yan argues that substantial evidence does not support the BIA's decision to deny her withholding of removal and CAT claims.[1]

Yan failed to present a substantive argument in support of the CAT claim in her opening brief. Accordingly, she has waived any challenge to the BIA's ruling with respect to her CAT application. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening

---

[1]Because we decide that Yan's asylum application was time-barred, we need not address her claim that the BIA erred in ruling that she did not qualify for asylum.

8

brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court." (citation omitted)).

This leaves us with only her withholding claim to consider. An applicant for withholding of removal must show that there is a "clear probability" – meaning "that it is more likely than not" – that he or she would suffer persecution if returned to his or her home country. Wong v. Att'y Gen., 539 F.3d 225, 236 (3d Cir. 2008) (citations omitted).

Yan claims that the BIA erred by failing to give any weight to the certificate because it was unauthenticated. However, a review of the BIA's opinion makes clear that the BIA did consider this document. First, it noted that the certificate had not been authenticated. It then continued its analysis: "[The certificate] refers to enforcement of the [family planning] policy and the citizenship of the applicant, but does not overcome the other evidence of record that fines, not sterilization, may await the applicant. The applicant's claim is based only a fear only [sic] of sterilization, not financial penalties." JA 3. This belies Yan's assertion that the BIA failed to consider the certificate. Rather, its decision demonstrates that it considered the certificate but found the document unpersuasive because it was unauthenticated and was contradicted by other record evidence.

Yan's attempt to rely on case law establishing that the procedures set forth in 8

9

C.F.R. § 287.6[2] are not the exclusive means of authenticating records in immigration proceedings is unavailing. See Sukwanputra v. Gonzales, 434 F.3d 627, 636 (3d Cir. 2006) (holding IJ erred by failing to consider official record based on lack of authentication under 8 C.F.R. § 287.6); Liu v. Ashcroft, 372 F.3d 529, 532-33 (3d Cir. 2004) (same). These cases do not support Yan's argument. The BIA did not accord less weight to the certificate because Yan failed to comply with the specific procedures laid out in 8 C.F.R. § 287.6, but rather because the document had not been authenticated by any means. For these reasons, Yan's claim that the BIA improperly refused to consider the certificate fails.

Finally, we address Yan's argument that the record evidence established a clear probability that she would suffer persecution if returned to China. She relies entirely on the certificate and a supporting affidavit from John Shields Aird, a "retired demographer" and "specialist on demographic developments and population policy in the People's Republic of China." JA 678. The BIA decided that those documents did not outweigh

---

[2]The authentication regulation of 8 C.F.R. § 287.6 provides, in pertinent part:

> In any proceeding under this chapter, an official record or entry therein, when admissible for any purpose, shall be evidenced by an official publication thereof, or by a copy attested by an officer so authorized . . . . The attested copy, with the additional foreign certificates if any, must be certified by an officer in the Foreign Service of the United States, stationed in the foreign country where the record is kept.

8 C.F.R. § 287.6(b)(1)-(2).

10

the other record evidence, including State Department reports, which failed to support Yan's claim that people who have had children in the United States are more likely than not to be sterilized upon returning to China. Based on the record before us, we cannot conclude that the BIA's decision was not supported by substantial evidence. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008) (holding BIA's decision to credit State Department reports over Aird affidavit was well-reasoned and that substantial evidence supported BIA's decision to deny relief to couple claiming they faced forced sterilization in China based on birth of second child in the United States).

IV.

For the foregoing reasons, we will deny Yan's petition for review.