# In re Stanislaw PILCH, Respondent
# In re Sofia PILCH, Respondent

File A29 603 414 - Sneads
File A29 603 413

*Decided December 3, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondents, husband and wife, failed to show, either individually or cumulatively, factors which demonstrate extreme hardship over and above the normal economic and social disruptions involved in deportation to themselves or to their three United States citizen children in order to establish suspension of deportation under section 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a) (1994).

FOR RESPONDENTS: Christopher Buchcar, Esquire, Chicago, Illinois

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Joseph M. Yeung, General Attorney

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, MATHON, ROSENBERG, and GUENDELSBERGER, Board Members.

MATHON, Board Member:

In a decision dated January 10, 1995, an Immigration Judge found the respondents deportable as charged under section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B) (1994), as aliens who remained in the United States for a time longer than permitted, denied their applications for suspension of deportation under section 244(a) of the Act, 8 U.S.C. § 1254(a) (1994)[1], but granted their application for voluntary

---

[1] We note that Congress has recently eliminated the relief of suspension of deportation under section 244(a) of the Act and substituted a similar remedy, cancellation of removal, under section 240A(b) of the Act (to be codified at 8 U.S.C. § 1229b(b)). Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, § 304(a), 110 Stat. 3009-546, 3009-587 ("IIRIRA"). The new provisions for cancellation of removal are effective on April 1, 1997, and are not applicable to these proceedings. IIRIRA § 309(a), 110 Stat. at 3009-625.

departure under section 244(e) of the Act. The respondents have appealed from that decision. The appeal will be dismissed.

## I.  BACKGROUND

The respondents, husband and wife, are both 36-year-old natives and citizens of Poland. The male respondent entered the United States on January 5, 1986, and the female respondent entered the United States on April 25, 1987, both as visitors for pleasure and both authorized to remain in the United States for 6 months. On May 21, 1993, the Immigration and Naturalization Service served each respondent with an Order to Show Cause and Notice of Hearing (Form I-221), charging them with deportability as nonimmigrants who remained in the United States longer than permitted. The respondents, through counsel, conceded deportability. Thereafter, at a hearing held on January 10, 1995, the respondents presented evidence in support of their applications for suspension of deportation.

The male respondent testified that he currently lives with his wife and their three United States citizen children. He testified that their oldest son is living in Poland with his wife's mother. He testified that he has not departed the United States since 1985. He also testified at length regarding his employment. He indicated that he worked as a cabinetmaker before becoming a partner in a construction company in 1993. He stated that his business employs 13 people full-time. He also indicated that he owns a $117,000 home (mortgage) and a car.

The male respondent further testified that his deportation to Poland would cause hardship to him as well as to his family. He indicated that he is the sole support for his three United States citizen children. He conceded that his children speak Polish. He also indicated that his brother and sister reside in the United States as lawful permanent residents. He further testified to his involvement with his church and social club.

The female respondent testified that she has never been employed and that her husband was the sole financial provider of their family. She testified to the hardship her children would face if they were to return to Poland with her and her husband. She indicated that it would be difficult for the children to acclimate to life in Poland because they were learning English and because their friends were in the United States. She further testified that she and her husband would face hardship if they were deported. She indicated that in Poland it would be hard to find a job and that housing was very expensive.

The male respondent's brother, a lawful permanent resident, testified to the respondents' good moral character. He also indicated that the respondents' children speak both English and Polish.

The male respondent's sister, a lawful permanent resident, also testified to the respondents' good moral character. She indicated that she helped her brother when he first arrived in this country. She further testified that their

mother and two siblings were living in Poland, and that she still helps them out financially.

A friend of the male respondent testified that he and the male respondent were partners in a construction business. He further expressed his belief that the respondents would face hardship if they were returned to Poland.

In support of their testimony, the respondents also provided documentary evidence. The record contains, inter alia, copies of their tax returns, closing documents regarding the purchase of their home, a certificate of title for their car, and copies of various business documents regarding the male respondent's business.

## II.  THE IMMIGRATION JUDGE'S DECISION

In his decision, the Immigration Judge found that the respondents had not demonstrated statutory eligibility for suspension of deportation, inasmuch as they had not demonstrated that their return to Poland would create extreme hardship to themselves or to their United States citizen children. However, he granted their requests for voluntary departure.

## III.  ISSUE ON APPEAL

In their Notice of Appeal (Form EOIR-26) and appellate brief, the respondents argue that the Immigration Judge failed to give proper weight to the evidence presented. The respondents assert that their request is based not only on economic hardship, but also on strong family ties in the United States. Thus, the issue is whether the respondents in this case have demonstrated that their deportation would cause extreme hardship to themselves or to their United States citizen children.

## IV.  SUSPENSION OF DEPORTATION

Aliens applying for suspension of deportation bear the burden of establishing statutory eligibility for the relief as well as showing that they warrant a favorable exercise of discretion. *See* section 244(a)(1) of the Act. In order to establish statutory eligibility, aliens must prove that they have been physically present in the United States for a continuous period of at least 7 years, that they have been persons of good moral character during such period, and that their deportation would result in extreme hardship to themselves or to their spouse, parent, or child who is a citizen or lawful permanent resident of the United States. *Id.*

We agree with the Immigration Judge's finding that the male respondent has met the continuous physical presence requirement necessary for suspension of deportation.[2] We further agree that the respondents have met the good

---

[2] With respect to the female respondent's continuous physical presence, we need not interpret the effect of section 240A(d)(1) of the Act (to be codified at 8 U.S.C. § 1229b(d)(1)),

moral character requirement. However, we find that they have failed to demonstrate that their deportation would cause extreme hardship to themselves or to their United States citizen children.

Extreme hardship is not a definable term of fixed and inflexible meaning, and the elements to establish extreme hardship are dependent upon the facts and circumstances of each case. *See Matter of Chumpitazi*, 16 I&N Dec. 629 (BIA 1978); *Matter of Kim*, 15 I&N Dec. 88 (BIA 1974); *Matter of Sangster,* 11 I&N Dec. 309 (BIA 1965). However, the Board has enunciated factors relevant to the issue of the extreme hardship determination. These factors include: the length of the alien's presence over the minimum requirement of 7 years; the alien's age, both at entry and at the time of application for relief; the presence of lawful permanent resident or United States citizen family ties to this country; the alien's family ties outside the United States; the conditions in the country or countries to which the alien is returnable and the extent of the alien's ties to such countries; the financial impact of departure from this country; significant conditions of health, particularly when tied to an unavailability of suitable medical care in the country to which the alien will return; and, lastly, the possibility of other means of adjustment of status or future entry into this country. *Matter of Anderson*, 16 I&N Dec. 596 (BIA 1978).

The Supreme Court has indicated that a narrow interpretation of the phrase "extreme hardship" is consistent with the exceptional nature of suspension relief. *INS v. Jong Ha Wang,* 450 U.S. 139 (1981); *see also Hernandez-Cordero v. INS*, 819 F.2d 558 (5th Cir. 1987); *Ramirez-Durazo v. INS*, 794 F.2d 491 (9th Cir. 1986); *Bu Roe v. INS*, 771 F.2d 1328 (9th Cir. 1985). Nonetheless, as we stated in *Matter of L-O-G-*, 21 I&N Dec. 413 (BIA 1996), a restrictive view of extreme hardship is not mandated either by the Supreme Court or by our published case law. Even applying a flexible approach to extreme hardship, our finding that the respondents have not demonstrated extreme hardship to themselves or to their United States citizen children resulting from their deportation to Poland is consistent with our published case law.

## A. Respondents - extreme hardship

Turning specifically to the respondents' claim of extreme hardship, we find the testimony and evidence insufficient to demonstrate that their deportation would cause extreme hardship to themselves. The respondents' claims are largely based on the general economic conditions of Poland and not on any condition or circumstance unique to them. Although economic factors are relevant in any analysis of extreme hardship, economic detriment alone is insufficient to support a finding of extreme hardship within the meaning of

which was added by section 304(a) of the IIRIRA, 110 Stat. at 3009-587, since we are denying the claims of both respondents on the basis of their failure to establish extreme hardship.

section 244(a) of the Act. *Palmer v. INS*, 4 F.3d 482, 488 (7th Cir. 1993); *Mejia-Carrillo v. United States INS*, 656 F.2d 520, 522 (9th Cir. 1981); *Matter of O-J-O-*, 21 I&N Dec. 381 (BIA 1996); *Matter of Ige*, 20 I&N Dec. 880 (BIA 1994). Moreover, the mere loss of current employment, the inability to maintain one's present standard of living or to pursue a chosen profession, separation from a family member, or cultural readjustment do not constitute extreme hardship. *See Marquez-Medina v. INS*, 765 F.2d 673 (7th Cir. 1985); *Bueno-Carrillo v. Landon*, 682 F.2d 143 (7th Cir. 1982); *Chokloikaew v. INS*, 601 F.2d 216 (5th Cir. 1979); *Banks v. INS,* 594 F.2d 760 (9th Cir. 1979); *Matter of Anderson, supra; Matter of Kojoory*, 12 I&N Dec. 215 (BIA 1967).

The male respondent's claim of difficulty in finding employment and inability to find employment in his trade or profession, although a relevant factor, is not sufficient to justify a grant of relief in the absence of other substantial equities. *See Hernandez-Patino v. INS*, 831 F.2d 750 (7th Cir. 1987); *Santana-Figueroa v. INS*, 644 F.2d 1354 (9th Cir. 1981); *Matter of Anderson, supra*. The additional factors needed to combine with economic detriment in order to characterize the hardship as extreme are missing in this case. The record indicates that the male respondent possesses characteristics which should help him find work in his homeland. Specifically, he is 36 years old, skilled, healthy, and physically able to maintain employment. We note that he worked as a carpenter in Poland. Moreover, the loss of his business, although unfortunate, does not entail extreme economic hardship, but, instead, is a normal occurrence when an alien is deported. *See Marquez-Medina v. INS, supra* (holding that the loss on sale of a home and loss of present employment and its benefits did not constitute extreme hardship, but were normal occurrences of deportation). In any case, there is minimal evidence that he would be unable to recoup his investment in the business he and his partner established in 1993. Furthermore, the male respondent in this case, unlike the respondent in *Matter of O-J-O-, supra*, has not spent most of his life in the United States (he arrived in this country as an adult, age 25) and will not return to a country where economic and political conditions are difficult.

Finally, emotional hardship caused by severing family and community ties is a common result of deportation. *See INS v. Jong Ha Wang, supra; Marquez-Medina v. INS, supra.* Although we recognize that the male respondent has spent 11 years in the United States and the female respondent 9 years, we note that their return to Poland will reunite them with their son, both their mothers, the female respondent's father, and their siblings. The record further reflects that their numerous family members in Poland may be able to provide an emotional base during their time of readjustment. *See Kuciemba v. INS,* 92 F.3d 496 (7th Cir. 1996). Thus, we find that the respondents failed to establish extreme hardship to themselves which would result from their deportation to Poland.

### B. United States citizen children - extreme hardship

With respect to the extreme hardship to the respondents' United States citizen children, we note that this is an important factor which must receive close attention in evaluating a suspension claim. *Casem v. INS*, 8 F.3d 700 (9th Cir. 1993). However, although we find that there will be hardship to the children in the event of their parents' deportation, we do not find that it rises to the level of extreme hardship as required under section 244(a)(1) of the Act.

We initially note that the fact that an alien has a United States citizen child does not of itself justify suspension of deportation. *See Israel v. INS*, 710 F.2d 601 (9th Cir. 1983), *cert. denied*, 465 U.S. 1068 (1984); *Diaz-Salazar v. INS*, 700 F.2d 1156 (7th Cir), *cert. denied*, 462 U.S. 1132 (1983); *see also Bueno-Carrillo v. Landon, supra; Balani v. INS,* 669 F.2d 1157 (6th Cir. 1982); *Ayala-Flores v. INS*, 662 F.2d 444 (6th Cir. 1981); *Banks v. INS, supra; Davidson v. INS*, 558 F.2d 1361 (9th Cir. 1977); *Matter of Kim*, 15 I&N Dec. 88 (BIA 1974). An alien illegally in the United States does not gain a favored status by the birth of a child in this country. *Ramirez-Durazo v. INS, supra; Marquez-Medina v. INS, supra; Bueno-Carillo v. Landon, supra*. Even though the child may face difficulties adjusting to life in his parent's homeland, these problems do not materially differ from those encountered by other children who relocate with their parents, especially at a young age. *Marquez-Medina v. INS, supra*. The fact that economic and educational opportunities for the child are better in the United States than in the alien's homeland does not establish extreme hardship. *Matter of Kim, supra; see also Ramirez-Durazo v. INS, supra* (stating that the disadvantage of reduced educational opportunities is insufficient to constitute extreme hardship). Finally, the fact that medical facilities in the alien's homeland may not be as good as they are in this country does not establish extreme hardship to the child. *Matter of Correa*, 19 I&N Dec. 130 (BIA 1984).

With respect to hardship to the children, we are unpersuaded by the evidence of record that they would suffer unique or severe hardship if they were to depart the United States with their parents. The oldest child is 6 years old. The other children are 5 and 4 years old. All three children have been exposed to the Polish language by their parents. There is no evidence that the children suffer from any physical or mental disabilities. Moreover, there is no evidence that they would be deprived of educational opportunities if they go to Poland. We also note that the children will have a strong support system of family members when they arrive in Poland, including a brother, grandparents, uncles, and aunts. On this record, we do not find that the children would suffer extreme hardship if they were to reside in Poland with their parents.

With respect to the children remaining in the United States without their parents, no evidence was presented. We note, however, that any hardship the children might face if they remain in this country is the result of parental

choice, and not their parents' deportation. *Matter of Ige, supra.* We also note that, if the children remain in the United States, they will continue to have family support (uncles, aunts, and cousins).

## V.  CONCLUSION

We find, for all the foregoing reasons, that the respondents failed to show, either individually or cumulatively, factors which demonstrate extreme hardship to themselves or to their United States citizen children. We recognize that the respondents have established themselves in this country. However, they have done so while they were not in lawful immigration status. Congress has required that they establish extreme hardship either to themselves or to their United States citizen children in order to avail themselves of suspension of deportation. Thus, in the final analysis, we find that the requirement of significant hardships over and above the normal economic and social disruptions involved in deportation has not been met in order to warrant a finding of extreme hardship. Accordingly, the appeal will be dismissed.

**ORDER:**     The respondents' appeal is dismissed.

**FURTHER ORDER:**     Pursuant to the Immigration Judge's order and in accordance with our decision in *Matter of Chouliaris,* 16 I&N Dec. 168 (BIA 1977), the respondents are permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondents shall be deported as provided in the Immigration Judge's order.