

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2006

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4509

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lin v. Atty Gen USA" (2006). *2006 Decisions.* Paper 426.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/426

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4509

———

BI YING LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review from the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A 95-862-281)

———

Argued: June 29, 2006

Before: BARRY, VAN ANTWERPEN and GIBSON,[*] Circuit Judges.

(Filed: September 21, 2006)

For Petitioner:
Law Office of Richard Tarzia
Richard Tarzia
Gregory Marotta (ARGUED)
99 Millers Grove Road
Belle Mead, NJ 08502

———

[*]The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals
for the Eighth Circuit.

For Respondent:
Christopher J. Christie, United States Attorney
Leah A. Bynon, Assistant United States Attorney (ARGUED)
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

Lyle D. Jentzer, United States Attorney
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

———

OPINION OF THE COURT

———

JOHN R. GIBSON, Circuit Judge.

Petitioner Bi Ying Lin, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals denying her application for asylum and withholding of removal, in which she contended that if she returned to China with her three American-born children, the government would have her sterilized against her will because she had more children than allowed under China's one-child population-control policy. Because we conclude that the Board's analysis in the order is too abbreviated for us to review it, we remand for further proceedings.

Lin came to this country without documentation, and once here, she married and gave birth to three children who are all United States citizens. (Although it is outside the record, we understand from oral argument that Lin now has a fourth child.) Removal

proceedings were commenced against Lin; she concedes removability but claims asylum and withholding of removal on the ground that she fears that if she takes her children with her, she will be sterilized against her will, which would constitute persecution under 8 U.S.C. § 1101(a)(42).

The Immigration Judge who heard Lin's case denied her application on two grounds. First, he held that Lin could avoid persecution in China by leaving her children in the United States and that whether Lin would be persecuted thus rested within her control. Second, he held that Lin had not shown a well-founded fear of persecution.

The Board adopted and affirmed the IJ's decision in an equivocal opinion. While the Board did not explicitly endorse the IJ's reasoning that Lin could be required to chose between taking her American-born children with her to China and avoiding sterilization, the Board did say: "[W]e have previously held in the context of suspension of deportation, that an alien illegally in the United States does not gain a favored status by the birth of a child in this country." In re Bi Ying Lin, A95-862-281 (B.I.A. Sept. 19, 2005) (per curiam). The Board cited Matter of Pilch, 21 I&N Dec. 627, 632 (B.I.A. 1996), a suspension of deportation case on which the IJ had relied in concluding that Lin's option of leaving the children could negate the reasonable fear of persecution. The government does not urge us to uphold the Board's decision on this theory.

The Board also held that Lin had not borne her burden of proof that she was reasonably likely to be sterilized:

> [T]he Board cannot conclude based upon the evidence of record that the respondent has a well-founded fear of sterilization or persecution because

she may now be considered in violation of the population control law. Indeed, it is speculative at best as to whether the respondent will be subject to any coercive family planning program upon her return to China as a consequence of the birth of her three minor children who are natives and citizens of the United States. . . . There is also insufficient documentary evidence of record to convince the Board that there is any likelihood that the respondent will be sterilized by the Chinese authorities for the birth of the subject minor children.

Lin, slip op. at 1.

We review the Board's findings of fact under the substantial evidence standard, meaning that they are conclusive unless any reasonable adjudicator would be compelled to find to the contrary. 8 U.S.C. § 1252(b)(4)(B); INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992). We must decide the petition only on the administrative record before us. 8 U.S.C. § 1252(b)(4)(A).

Lin's evidence that she would be likely to undergo sterilization included anecdotal evidence of a friend and two relatives who were sterilized after giving birth to more than one child; evidence of local birth control regulations from Fujian province according to which Lin herself would be out of compliance; and the affidavit of a retired demographer, John Shields Aird, that the Chinese birth control policy is likely to be applied to Chinese nationals returning home from abroad with children born while they were away. The government contends that Lin's evidence is out of date or has other defects. Perhaps all this evidence could be explained away or shown to be insubstantial. However, taken at face value, the evidence makes a prima facie case for asylum. See Guo v. Ashcroft, 386 F.3d 556, 566 (3d Cir. 2004). The Board did not discuss the evidence or give any reason why it had rejected it. "When an agency makes a finding of fact without mentioning or

-4-

analyzing significant evidence, its decision should be reconsidered." Zheng v. Gonzales, 415 F.3d 955, 963 (8th Cir. 2005) (internal quotation marks omitted); accord Chen v. Gonzales, 417 F.3d 268, 272-73 (2d Cir. 2005) (cited with approval in Cham v. Attorney Gen., 445 F.3d 683, 693 (3d Cir. 2006)).

Moreover, the Board did not rely on competing evidence such as the State Department Profile of Asylum Claims and Country Conditions, for the very good reason that no such evidence was in the record. This absence of countervailing evidence distinguishes Lin's case from In re C-C-, 23 I&N Dec. 899, 903 (BIA 2006), in which the Board concluded that Aird's affidavit (which has been widely used in such cases) was less persuasive than countervailing evidence.

Accordingly, we will grant the petition for review and remand for further proceedings consistent with this opinion.