NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3291
_____

ROBERT KING RODRIGUEZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Steven A. Morley
(No. A076-546-314)
_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2014

Before: AMBRO and BARRY, Circuit Judges
and RESTANI,[*] Judge

(Opinion filed: June 20, 2014)

_____

OPINION

_____

---

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

AMBRO, Circuit Judge

Robert King Rodriguez ("Rodriguez") petitions for review of the decision of the Board of Immigration Appeals ("Board") upholding the Immigration Judge's ("IJ") denial of Rodriguez's application for cancellation of removal. For the reasons that follow, we dismiss the petition.

I.

Rodriguez, a citizen of the Dominican Republic, entered the United States in the early 1990s. In 2000, the Government issued a notice to appear charging him as removable subject to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. Rodriguez did not receive the notice to appear, however, and failed to appear at his hearing. The IJ therefore entered an order of removal *in absentia* against Rodriguez. In 2008, after Rodriguez learned of the order of removal, he filed a counseled motion to reopen proceedings, which was granted. Thereafter, Rodriguez conceded his removability as charged but sought cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). In support of his request for cancellation of removal, he claimed that his removal would be detrimental to the health of his United States citizen wife, Evelyn Perez ("Perez"), and to the economic situation of his two United States-citizen children.

In an oral decision, the IJ noted that he found Rodriguez to be credible. The IJ then discussed Rodriguez's claim that his wife, who suffers from hypertension, would face an exceptional and extremely unusual hardship upon Rodriguez's removal to the Dominican Republic. After reviewing the evidence, including Perez's medical records

2

and prescriptions, the IJ found that there was "no evidentiary record to support the need for medicine." App. 15. Additionally, based in part on his review of reports on the availability of prescription medications in the Dominican Republic, the IJ concluded that there was not "sufficient medical evidence to demonstrate that Ms. Perez will suffer medically in any meaningful way" if she went with Rodriguez to the Dominican Republic. *Id.* at 20. The IJ then addressed Rodriguez's claim that his family would suffer economically if he was removed. Citing Matter of Pilch, 21 I. & N. Dec. 627 (BIA 1996), a case involving suspension of deportation under now-repealed 8 U.S.C. § 1254(a) (1994), the IJ concluded that "changes in opportunity and economic downturn are simply not sufficient . . . to warrant a finding of exceptional and extremely unusual hardship" to Rodriguez's family. *Id.* at 17. The IJ therefore denied Rodriguez's request for cancellation of removal and ordered his removal to the Dominican Republic.

Rodriguez appealed to the Board. The Board noted that the "exceptional and extremely unusual hardship" standard is stricter than the "extreme hardship" standard employed under prior law in Pilch, and that, accordingly, "the fact that [Rodriguez's] case is distinguishable and involves greater hardship does not necessarily mean that the respondent has met his burden of showing that his qualifying relatives will experience the hardship required to qualify for cancellation of removal . . . ." *Id.* at 4. The Board then determined there was no clear error in the IJ's finding that Rodriguez failed to present sufficient evidence that his wife required certain medications and would suffer adverse medical consequences without them, and noted that "without additional medical evidence [of Perez's condition], the availability or lack of availability of medication for the

3

respondent's wife is not a factor in the hardship determination." *Id.* The Board further ruled that Rodriguez had not offered sufficient evidence regarding his children and the educational opportunities in the Dominican Republic to establish that they would suffer an exceptional and extremely unusual hardship upon his removal. For those reasons, the Board upheld the IJ's order. Rodriguez, through counsel, filed a timely petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252. While our review extends only to the Board's order of removal, we may review the decision of the IJ to the extent that the Board's order expressly adopts or defers to a finding of the IJ. Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003).

Rodriguez challenges the Board's conclusion that he did not show sufficient hardship to his wife and children. We lack jurisdiction to review the discretionary denial of cancellation of removal, including the Agency's determination under 8 U.S.C. § 1229b(b)(1)(D) that a petitioner did not show sufficient hardship. See 8 U.S.C. § 1252(a)(2)(B)(i); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010). We retain jurisdiction, however, to review colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); Patel, 619 F.3d at 232. "To determine whether a claim is colorable, we ask whether it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (internal quotation marks and citation omitted). Here, Rodriguez purports to raise both due process claims and questions of law.

4

Rodriguez first argues that the Board denied due process by failing to review the entirety of the evidence submitted, including records of Perez's visits to the doctor, a note from Perez's doctor, and Perez's pharmacy records. Due process requires that an alien's removal proceedings afford him "the opportunity to be heard at a meaningful time and in a meaningful manner." Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001) (internal quotation marks and citation omitted). This includes the right to "factfinding based on a record produced before the decisionmaker and disclosed to him," the right "to make arguments on his . . . own behalf," and "the right to an individualized determination of his . . . interests." Id. (internal quotation marks and citation omitted). Here, the Board found no clear error in the IJ's finding that the record evidence did not establish Perez's need for certain medications. The Board then noted that, in light of the fact that Rodriguez failed to establish Perez's need for medication, the availability or lack of availability of medication for Perez was not a factor in the hardship determination. Contrary to what Rodriguez argues in his brief, the Board's conclusion was within the constraints of clear error review, and did not constitute additional fact-finding or the application of an erroneous legal standard. Moreover, the Board's characterization of the IJ's conclusions was consistent with the IJ's oral decision, and the Board did not, as Rodriguez claims, attribute to the IJ a conclusion that he did not make. Rodriguez has thus not made a colorable showing that the Board failed to make an individualized determination of his interests or otherwise violated his due process rights.

Rodriguez further argues that the Board exceeded its regulatory authority and "applied an inappropriate and unattainably high standard of law" when reviewing his

5

cancellation claim.  Appellant's Br. at 17.  However, the Board exercised clear error review over the IJ's findings of fact and upheld the IJ's determination that Rodriguez did not establish an exceptional and extremely unusual hardship to his United States-citizen family members.  Thus we believe that while Rodriguez purports to raise a question of law, he is actually asserting that he met his burden of showing an exceptional and extremely unusual hardship.  We lack jurisdiction to review such a claim.  See Patel, 619 F.3d at 233.

Because none of Rodriguez's claims present a colorable constitutional claim or question of law, we must dismiss his petition for review for lack of jurisdiction.  See 8 U.S.C. § 1252(a)(2)(B)(i); Patel, 619 F.3d at 232.