**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0785n.06

No. 15-3045

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| REYES VELAZQUEZ-ARZATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, United States | ) | APPEALS |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**FILED**
Dec 03, 2015
DEBORAH S. HUNT, Clerk

BEFORE: BOGGS and DONALD, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Reyes Velazquez-Arzate petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. We deny the petition for review.

Velazquez-Arzate, a native and citizen of Mexico, most recently entered the United States in February 1996 without inspection. In June 2009, the Department of Homeland Security detained Velazquez-Arzate and served him with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled and as an immigrant not in possession of a valid entry document. *See* 8 U.S.C. § 1182(a)(6)(A)(i), (a)(7)(A)(i)(I). Velazquez-Arzate appeared before an immigration judge (IJ) and conceded removability. Velazquez-Arzate subsequently applied for cancellation of removal

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

on the basis that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. *See* 8 U.S.C. § 1229b(b)(1). After a hearing, the IJ denied Velazquez-Arzate's application for cancellation of removal, concluding that he had failed to demonstrate both good moral character and the requisite hardship to his children. On appeal, the BIA agreed with the IJ that Velazquez-Arzate had failed to meet his burden of proving eligibility for cancellation of removal. This timely petition for review followed.

To be eligible for cancellation of removal, Velazquez-Arzate must demonstrate that: (1) he has been physically present in the United States for a continuous ten-year period; (2) he "has been a person of good moral character during such period"; (3) he has not been convicted of certain offenses; and (4) his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). As the respondent's motion to dismiss pointed out, this court lacks jurisdiction to review the denial of an application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). We retain jurisdiction, however, to consider "constitutional claims or questions of law" that have been administratively exhausted. 8 U.S.C. § 1252(a)(2)(D), (d)(1); *see also Montanez-Gonzalez v. Holder*, 780 F.3d 720, 722 (6th Cir. 2015).

Velazquez-Arzate first contends that the BIA failed to follow its own precedent requiring consideration of the hardship factors in the aggregate. According to Velazquez-Arzate, the BIA failed to consider (1) his older daughter's anxiety and (2) the violent conditions in Mexico. In his brief to the BIA, Velazquez-Arzate asserted that the IJ failed to view his older daughter's physical ailments in the aggregate; Velazquez-Arzate did not mention his daughter's anxiety or conditions in Mexico. Even if Velazquez-Arzate had exhausted this claim before the BIA, we

lack jurisdiction to review it. Velazquez-Arzate's argument that the agency failed to consider certain facts specific to his case amounts to an objection "to the agency's weighing of the facts [that] is not within our jurisdiction to review." *Ettienne v. Holder*, 659 F.3d 513, 519 (6th Cir. 2011). In any event, both the IJ and the BIA addressed the daughter's anxiety, and given that Velazquez-Arzate's children would remain in the United States, the conditions in Mexico had limited, if any, relevance to whether Velazquez-Arzate's removal would result in exceptional and extremely unusual hardship to his children.

With respect to the determination that he had failed to demonstrate good moral character, Velazquez-Arzate asserts that his due-process rights were violated when the IJ did not allow him to clarify his admission to being aware that there were mistakes on his tax returns at the time that he filed them. "Although an alien's due process challenge generally does not require exhaustion . . . , the alien must raise correctable procedural errors to the BIA." *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Velazquez-Arzate did not raise this alleged error in his appeal to the BIA. In any event, the IJ only stopped Velazquez-Arzate's attorney from asking the same question again; the IJ did not prohibit the attorney from asking him questions about his tax filings. Any lack of explanation resulted from Velazquez-Arzate's decision to remain silent on the issue when cross-examined before the IJ.

Velazquez-Arzate also argues that the BIA misapplied or ignored its own precedent in determining that he had failed to demonstrate good moral character due to his admitted misrepresentations in his tax filings. According to Velazquez-Arzate, pursuant to *Matter of Locicero*, 11 I. & N. Dec. 805 (BIA 1966), the agency was required to make findings as to three elements: (1) he grossly underreported income (2) with the intent to avoid payment (3) of a substantial sum of taxes. *Locicero* cannot be read as establishing such a requirement. *See*

*Sumbundu v. Holder*, 602 F.3d 47, 56 (2d Cir. 2010) ("[T]hough the BIA did find that the respondent in *Locicero* misstated a 'substantial sum,' nothing in the decision suggests that this was a *requirement* for moral character determinations related to inaccurate tax returns."). "[T]his court lacks jurisdiction over claims that can be evaluated only by engaging in head-to-head comparisons between the facts of the petitioner's case and those of precedential decisions." *Ettienne*, 659 F.3d at 518. Velazquez-Arzate essentially asks us to compare the facts of his case with those of *Locicero*.

For the foregoing reasons, we **GRANT** the respondent's motion to dismiss in part and **DENY** Velazquez-Arzate's petition for review.