NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0210n.06

Case No. 21-3870

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ALBERTO FRANCISCO-DIEGO, | ) | |
| Petitioner | ) | |
| | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) | |
| Respondent. | ) | |
| | ) | O P I N I O N |
| | ) | |

**FILED**
May 31, 2022
DEBORAH S. HUNT, Clerk

Before: McKEAGUE, NALBANDIAN, and READLER, Circuit Judges.

NALBANDIAN, Circuit Judge. After the Department of Homeland Security (DHS) charged Alberto Francisco-Diego with removability, he applied for cancellation of his removal. An Immigration Judge (IJ) denied him relief, finding that he didn't meet the hardship standard. The Board of Immigration Appeals (BIA) found no error and dismissed his appeal. We too find no error and **DISMISS** his petition in part and **DENY** it in part.

**I.**

In 2001, Francisco, a native of Guatemala, illegally entered the United States.[1] Twelve years later, the DHS served him with a notice to appear, charging him with removability for being an alien present in the United States without admission or parole. Francisco conceded his removability but applied for cancellation of removal under 8 U.S.C. § 1229b(b).

---

[1] In his brief, the petitioner refers to himself as "Francisco." We do the same.

At his hearing, Francisco testified that he lives in Cookeville, Tennessee with his wife and three children (ages 9, 4, and 2). His wife is also a native of Guatemala and illegally resides in the United States. Their three children are United States citizens.

Francisco explained that he is the sole financial provider for his family. He works on a chicken farm and earns around $400 a week. Francisco's wife isn't employed. When asked if she looked for a job, he replied that she did not because she neither speaks nor reads either English or Spanish. As for their children, they speak a little Spanish, the oldest is doing well in school, they receive food stamps and government healthcare, and have no health issues.

When asked if his family would accompany him to Guatemala, Francisco responded that "[t]hey can't because . . . they wouldn't have any studies, they wouldn't have any benefits, life is very hard in my town." (A.R., Hearing Tr., at PageID 126.) Francisco's wife, too, testified that she couldn't go back to Guatemala. Francisco said that he doesn't own a home in Guatemala, that he has two siblings there, and that he couldn't secure a job if he returns.

At the end of the hearing the IJ entered an oral decision denying Francisco relief. She found, among other things, that he failed to show how his removal would cause "exceptional and extremely unusual hardship" to his children. The BIA affirmed and dismissed the appeal. The BIA found that even if Francisco's children would suffer some hardship, it didn't rise to the requisite level of "exceptional and extremely unusual." And because that issue was decisive, the BIA declined to address alternative issues. Francisco then filed his petition with this Court.

## II.

The Attorney General has the discretion to cancel the removal of an alien. *See* 8 U.S.C. § 1229b. To be eligible for cancellation of removal, the alien must meet four requirements: (1) he must have been in the United States for a continuous period of at least ten years; (2) he must be of

good moral character; (3) he must not have been convicted of certain disqualifying crimes; and (4) his removal must result in "exceptional and extremely unusual hardship" to family members who are United States citizens. *Id.* § 1229b(b)(1). Only the fourth requirement, sometimes called "the hardship standard," is contested here.

To meet this hardship standard, "the alien must provide evidence of harm to his spouse, parent, or child *substantially* beyond that which ordinarily would be expected to result from the alien's deportation." *Araujo-Padilla v. Garland*, 854 F. App'x 646, 649 (6th Cir. 2021) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001)). The BIA considers the "age, health, and circumstances of the qualifying family members, including how a lower standard of living or adverse country conditions in the country of return might affect those relatives," and it assesses these factors "in the aggregate." *Id.* at 650 (internal quotations omitted). Relief under the "hardship standard must be limited to truly exceptional situations." *In re J-J-G*, 27 I. & N. Dec. 808, 814–15 (B.I.A. 2020) (internal quotation omitted).

Francisco argues that the BIA erred in concluding he didn't meet this standard. We find his arguments unconvincing.

## A.

Before we address Francisco's arguments, we begin with our jurisdiction. The Immigration and Nationality Act (INA) sets the framework. In general, the Federal Courts of Appeals have jurisdiction to review final removal orders. *See* 8 U.S.C. § 1252(a)(1). But this jurisdiction is limited. We have no jurisdiction to review factual findings. *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022); *see also Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1073 (2020). And we also can't review denials of discretionary relief, including the cancellation of removal. 8 U.S.C. § 1252(a)(2)(B); *see also Patel*, 142 S. Ct. at 1623. But nothing bars us from reviewing

"constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). As for the BIA's failure to adhere to its own precedent, that's a "non-discretionary error," that we can review. *See Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008) (citing 8 C.F.R. § 1003.1(g)). So while factual questions and discretionary relief are off the table, legal questions are fair game.

But what about mixed questions of fact and law? We have jurisdiction to review only the agency's "application of a legal standard to undisputed or established facts." *See Guerrero-Lasprilla*, 140 S. Ct. at 1068. As the Supreme Court explained, the application "of a legal standard to undisputed or established facts" is a "question[] of law," that we have jurisdiction to review. *Id.* And because the BIA's ultimate hardship conclusion is a "mixed question" that requires "application of the pertinent legal standard to the facts," we have jurisdiction to review it. *Singh v. Rosen*, 984 F.3d 1142, 1150–51 (6th Cir. 2021). That being said, "we still cannot review any of the factual findings underlying it." *Id.* at 1154; *see also Patel*, 142 S. Ct. at 1627 ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings . . . .").

With our jurisdiction established, we turn to the standard of review. "[W]here, as here, the BIA 'adopts the IJ's decision and supplements that decision with its own comments,' we review both opinions." *Bi Qing Zheng v. Lynch*, 819 F.3d 287, 293 (6th Cir. 2016) (quoting *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011)). But what standard of review do we apply? This Court has not settled on one. *Singh*, 984 F.3d at 1154. All we've said is whatever the standard is, it must be a "deferential" one. *Id.* And here, we need not decide the specific standard of review because "[n]o matter the standard, the Board correctly held that [Francisco] failed to establish" the hardship requirement. *Id.*

**B.**

With that in mind, we turn to the merits. On appeal, Francisco raises three arguments. First, he disputes the BIA's conclusion that his children would stay in the United States after his removal. Second, he challenges the BIA's weighing of the hardship factors. And finally, he raises a due process argument. We consider each argument in turn.

**i.**

Begin with Francisco's challenge to the agency's finding that his children would remain in the United States. Francisco argues that the BIA's conclusion is against the weight of the evidence because both he and his wife testified that his children would move back to Guatemala. But we have no jurisdiction to consider this argument.

An alien must "exhaust[] all administrative remedies" before a court may review a final removal order. 8 U.S.C. § 1252(d)(1). So "we may review only those claims 'properly' presented to the Board." *Singh*, 984 F.3d at 1155 (quoting *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004)). Francisco failed to properly present this argument to the BIA. Nowhere in his brief did he challenge the IJ's finding that his children will remain in the United States. In fact, he asked the BIA to analyze the educational hardship "in the context of the children staying in the United States after [his] removal to Guatemala." (*Id.* at 41-42.) So Francisco's failure to raise this argument below deprives us of jurisdiction to consider it.

But even if Francisco had properly raised this argument, we would still lack jurisdiction for a different reason: This is a factual determination. *See Niazi v. Garland*, No. 20-4270, 2021 WL 2838390, at *4 (6th Cir. July 8, 2021) (explaining that the IJ's conclusion that a child will stay in the United States is a factual finding). And even though we have jurisdiction to consider the

BIA's hardship conclusion, we "still cannot review any of the factual findings underlying it." *Singh*, 984 F.3d at 1154. Thus, we lack jurisdiction to review this argument.

**ii.**

Next, Francisco challenges the BIA's weighing of several hardship factors. He argues that his children will experience financial hardship, lack educational opportunities, have no access to medical care, and experience acculturation. He also argues that the BIA overlooked his lack of opportunity for lawful immigration back to the United States. We disagree.

*Economic Hardship.* Francisco begins by challenging the BIA's conclusion that he could provide financial support for his children. As he tells it, the economic conditions in Guatemala, his level of education and training, and his unfamiliarity with the system will make it difficult to secure employment. The BIA found that despite the "diminished economic opportunities in Guatemala," Francisco could obtain a job and financially support his children. (A.R., BIA Dec., PageID 4.) It also found that along with the government assistance the children receive, Francisco's wife, who had no disability or health issues, could work and support them. (***Id.***) These are factual findings that we can't review.[2] *Singh*, 984 F.3d at 1154; *see also Seidu v. Garland*, No. 21-3075, 2021 WL 4191275, *2 (6th Cir. Sept. 15, 2021) (holding that the BIA's finding that an alien could financially support his children, or that the mother could meet their needs, were unreviewable questions of fact).

Given these factual findings, did the BIA err in concluding that the children's financial hardship wasn't "exceptional and extremely unusual?" We think not. True, Francisco's financial opportunities in Guatemala will be significantly lower and would lead to a lower standard of living

---

[2] Even if we could review this factual question, Francisco wouldn't be entitled to relief under any deferential review standard. *See Contreras-Sanchez v. Garland*, No. 20-4295, 2021 WL 2926133, at *2 (6th Cir. July 12, 2021).

for his children. But "[a] lower standard of living or adverse country conditions" are generally "insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Tolentino-Hernandez v. Garland*, No. 20-4021, 2021 WL 4782689, at *2 (6th Cir. Oct. 13, 2021) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64). And where, as here, another family member could work and financially contribute, the economic hardship is mitigated. *Id.*; *see also Araujo-Padilla*, 854 F. App'x at 650–51. So the BIA's conclusion wasn't erroneous.

Francisco responds that the BIA should have followed its decision in *In re Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002). But that decision is distinguishable. The petitioner in *Recinas* was a single mother, had no family in her native country, had to care for six children, and wouldn't have been able to find adequate employment or housing. *Id.* at 471. These facts, the BIA explained, "distinguish[ed] her case from many other cancellation of removal claims." *Id.* And they distinguish Francisco's case as well. *See Contreras-Sanchez v. Garland*, No. 20-4295, 2021 WL 2926133, at *3 (6th Cir. July 12, 2021) (distinguishing *Recinas* on similar grounds). So the BIA didn't err in not following *Recinas*.

Francisco also claims that he was never questioned about Guatemala's economy or his job prospects. But this argument hurts him more than it helps. After all, the burden is on Francisco to establish the requisite level of hardship. 8 U.S.C. § 1229a(c)(4)(A)(i). So his failure to present adequate evidence is not the BIA's error.

*Educational Opportunities.* Next, Francisco argues that his children will have no educational opportunities if he's deported. The IJ found that because they will remain in the United States, the children will have access to the same educational opportunities. The BIA agreed, calling Francisco's argument to the contrary "speculative." (A.R., BIA's Decision, PageID 4.) The children's access to educational opportunities is a factual finding that we can't review. *Singh*,

984 F.3d at 1154–55. And given that the children will remain in the United States, "with its free public education," the BIA didn't err in concluding that they will have access to the same educational opportunities. *Araujo-Padilla*, 854 F. App'x at 651.

Francisco asks us to consider this hardship in the context of his children moving to Guatemala. But that's an issue Francisco failed to raise below. As already mentioned, Francisco argued the opposite below, telling the BIA that the "[l]ack of educational opportunity should be addressed in the context of the children staying in the United States." (A.R., Francisco's BIA Br., at 41-42.) His failure to exhaust this issue deprives us of jurisdiction to address it. *Singh*, 984 F.3d at 1155.

And even if we could address it, Francisco still wouldn't be entitled to relief. This is because "diminished educational options alone do not establish the required hardship." *Singh*, 984 F.3d at 1154–55 (citing *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (B.I.A. 2002)). Francisco has not shown that his children will be "deprived of all schooling or of an opportunity to obtain any education" in Guatemala. *Id.* at 1155. Nor has he shown that his children have "any compelling special needs in school." *Araujo-Padilla*, 854 F. App'x at 651. So any hardship the children will face in their education isn't exceptional and extremely unusual.

*Medical Hardship.* Francisco also argues that his children will face medical hardship if they return to Guatemala. Because the IJ found that Francisco's children will remain in the United States, arguments about their health conditions in Guatemala are irrelevant. *See Velazquez-Arzate v. Lynch*, 623 F. App'x 302, 303 (6th Cir. 2015) (per curiam); *see also Trejo v. Garland*, 3 F.4th 760, 774–75 (5th Cir. 2021). In any event, Francisco failed to raise this argument below. So we have no jurisdiction to consider it. *Singh*, 984 F.3d at 1155. And even if we did, Francisco's children are healthy and don't "suffer[] from a very serious medical issue."

*See Monreal-Aguinaga*, 23 I. & N. Dec. at 63. So he can't establish that his children will face exceptional and extremely unusual hardship. *See Tolentino-Hernandez*, 2021 WL 4782689, at \*4. Francisco argues that his children's emotional hardship in moving to Guatemala will manifest as physical conditions. But we have rejected a similar argument as being "speculative." *Id.*

*Acculturation.* Next, Francisco argues that the BIA should have considered acculturation. That is, Francisco contends that the emotional hardship the children will face in assimilating to Guatemalan culture is exceptional and extremely unusual. But again, Francisco never raised this argument before the BIA, so we lack jurisdiction to address it. *Singh*, 984 F.3d at 1155. And even if we could address it, Francisco hasn't shown that the acculturation his children would face would "materially differ from those encountered by other children who relocate with their parents, especially at a young age." *In re Pilch*, 21 I. & N. Dec. 627, 632 (B.I.A. 1996).

*Lawful Avenues for Immigration.* Last, Francisco claims that the BIA failed to address his inability to lawfully immigrate back to the United States. Not so. The BIA stated that Francisco's "limited prospects of obtaining another avenue for lawful immigration" did not "persuade" it that he has met the requisite hardship. (A.R., BIA Dec., PageID 4.) We have held that this is enough. *Araujo-Padilla*, 854 F. App'x at 651 (holding that the BIA's statement that it was "unpersuaded" by a lawful immigration argument was sufficient). All that's required is for the BIA to "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quoting *Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003)). And, as in *Araujo-Padilla*, "[w]e are satisfied that the Board adequately considered [Francisco's] argument here." *Id.*

In sum, Francisco has failed to show any error on the BIA's part in applying the hardship factors.

**iii.**

Finally, we turn to Francisco's constitutional argument. He claims that the BIA violated his due process by not considering the cumulative effect of his removal. But we reject this claim.

Francisco "essentially repackages his challenge to the BIA's ultimate hardship determination in the guise of a constitutional claim." *Id*. But we have rejected similar attempts to "recast mere disagreement with the BIA's decision as a procedural due process violation." *Id.* (quotation omitted and collecting cases); *see also Tolentino-Hernandez*, 2021 WL 4782689, at *4. Francisco hasn't pointed to any procedural defects in the proceedings below. He received a full and fair hearing with the opportunity to testify and call witnesses. *See id.* He was assisted by counsel before the IJ and on appeal. *See id.* And both the IJ and the BIA fully considered the facts in the record and applied the correct law. *See id.*

Francisco's contention that the IJ and the BIA didn't consider the cumulative effect of his removal is belied by the record. The IJ stated that "[a]ll testimony and evidence of record has been considered even if not specifically mentioned." (A.R., IJ Decision, PageID 79.) And the BIA said that it "consider[ed] all factors in the aggregate." (A.R., BIA Decision, PageID 4.) These statements are enough to show that the agency considered all the factors in the aggregate. *See Araujo-Padilla*, 854 F. App'x at 650. So the agency didn't violate Francisco's due process rights.

**III.**

For these reasons, we **DISMISS** Francisco's factual disputes for lack of jurisdiction, and **DENY** his remaining claims.