# Matter of Diego Geovanny BURI MORA, Respondent

*Decided by Board July 21, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent has not established the requisite exceptional and extremely unusual hardship to the qualifying relatives based on economic detriment and family separation, particularly where the qualifying relatives will remain in the United States and treatment for their mental health conditions and developmental delays will not be affected by the respondent's removal.

FOR THE RESPONDENT: Melvin R. Solomon, Esquire, Hackensack, New Jersey

FOR THE DEPARTMENT OF HOMELAND SECURITY: Melissa Noyes, Assistant Chief Counsel

BEFORE: Board Panel: MULLANE, HUNSUCKER, and GOODWIN, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's February 4, 2025, decision granting the respondent's application for cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1) (2018). The respondent, a native and citizen of Ecuador, opposes the appeal. The appeal will be sustained.

The Immigration Judge determined that the respondent was statutorily eligible for cancellation of removal and warranted a grant in the exercise of discretion. On appeal, DHS argues that the Immigration Judge erred in determining that the respondent's qualifying relatives would suffer exceptional and extremely unusual hardship if he were removed from the United States, that he has demonstrated good moral character, and that he merits a favorable exercise of discretion. Upon de novo review, we conclude

---

[1] Pursuant to Order No. 6377-2025, dated August 18, 2025, the Attorney General designated the Board's decision in *Matter of Buri Mora* (BIA July 21, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

that the respondent did not establish that his removal to Ecuador would result in exceptional and extremely unusual hardship to his qualifying relatives, his three United States citizen children and his United States citizen wife.

To establish exceptional and extremely unusual hardship, the respondent must show that a qualifying relative will experience harm "substantially beyond that which ordinarily would be expected" from a close family member's removal. *Matter of Monreal*, 23 I&N Dec. 56, 59 (BIA 2001) (emphasis omitted) (citation omitted). The key factors to consider are the ages, health, and circumstances of the qualifying relatives. *See Matter of Monreal*, 23 I&N Dec. at 63 (observing that an elderly relative solely dependent on the respondent or a qualifying child with serious health issues or compelling special needs may have a strong case). If the hardship is based on the health of a qualifying relative, the respondent should establish that the health condition is serious and that adequate medical care would not be reasonably available in the country of removal if the relative accompanies the respondent. *See Matter of J-J-G-*, 27 I&N Dec. 808, 811 (BIA 2020).

We respectfully disagree with the Immigration Judge that the hardship that each of the respondent's United States citizen children or his United States citizen wife may face upon the respondent's removal would be substantially beyond that which would ordinarily be expected when a close family member leaves this country, even when the hardship factors are considered in the aggregate. *See Matter of Monreal*, 23 I&N Dec. at 65. While the respondent's daughter has been diagnosed with autism and an anxiety disorder and his sons have been diagnosed with developmental delays, the conditions of all three United States citizen children are presently being managed by individualized education programs or early intervention services. As all three children would continue to remain in the United States with the respondent's United States citizen wife upon the respondent's removal, they would continue to receive medical care through state Medicaid, as well as specialized educational support in the State of New Jersey. *See Matter of J-J-G-*, 27 I&N Dec. at 812 (finding that even though the qualifying relative may suffer from a serious medical condition, the respondent did not demonstrate that adequate medical treatment was not reasonably available).

The Immigration Judge found that the respondent's removal would cause financial strain for the respondent's qualifying relatives, as his United States citizen wife has had to work additional hours to compensate for the loss of the respondent's financial support. However, the respondent's United States citizen wife remains employed full time as a surgical coordinator and continues to receive economic support from her family in the United States,

as well as State-sponsored medical care for her children. Economic detriment of the nature presented in this case is a common feature of a parent departing the United States. *See Matter of Andazola*, 23 I&N Dec. 319, 323 (BIA 2002) (explaining that economic detriment alone is insufficient to establish the requisite hardship, citing *Matter of Pilch*, 21 I&N Dec. 627 (BIA 1996), *appeal dismissed*, 129 F.3d 969 (7th Cir. 1997)).

The respondent's removal will also cause emotional hardship for his qualifying relatives. As stated by the Immigration Judge, the respondent is particularly close with his daughter, whose behavior and grades have declined since the respondent's detention. However, the entire family of the respondent's wife is present in the United States and would be able to assist in childcare for the respondent's United States citizen children, as they have in the past. As significant of a hardship as family separation is, it does not generally meet the high standard of "exceptional and extremely unusual." *See Matter of Pilch*, 21 I&N Dec. at 631 (recognizing that emotional hardship from family separation is a common result of deportation).

Thus, we conclude that the record evidence is insufficient as a matter of law to satisfy the respondent's burden to show that his removal would result in exceptional and extremely unusual hardship to his wife and children. As this issue is dispositive of the respondent's eligibility for relief, we need not address DHS' appellate arguments regarding good moral character and discretion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). The appeal will be sustained, the Immigration Judge's decision vacated, and the respondent removed to Ecuador.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's February 4, 2025, decision granting the respondent's application for cancellation of removal under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1), is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to Ecuador.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS or conspires to or takes any

action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2025).