# Matter of Audencio AREVALO-VARGAS, Respondent

*Decided March 16, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The respondent's children are no longer qualifying relatives for purposes of the respondent's application for cancellation of removal because they are now over 21 years old and have therefore aged out.

(2) The respondent has not demonstrated that the economic detriment, diminished educational opportunities, and emotional hardship his children may experience in the event of the respondent's removal from the United States would constitute exceptional and extremely unusual hardship.

FOR THE RESPONDENT: Khanh N. Nguyen, Minneapolis, Minnesota

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kenneth R. Knapp, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; GEMOETS and CHABAN, Appellate Immigration Judges.

GEMOETS, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's August 20, 2019, decision granting the respondent's application for cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1) (2018). The respondent, a native and citizen of Mexico, opposes the appeal. The appeal will be sustained.

The Immigration Judge determined that the respondent was statutorily eligible for cancellation of removal. On appeal, DHS argues the Immigration Judge erred in determining that the respondent's qualifying United States

---

[1] Pursuant to Order No. 6679-2026, dated March 12, 2026, the Attorney General designated the Board's decision in *Matter of Arevalo-Vargas* (BIA February 17, 2026) as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2026). The Board vacated the February 17, 2026, decision and, effective today, reissues the decision based on the Attorney General's order. Editorial changes have been made consistent with the designation of the case as a precedent.

citizen children would suffer exceptional and extremely unusual hardship in the event of his removal and that he has the requisite good moral character.

As an initial matter, the respondent's children are no longer qualifying relatives for purposes of the respondent's application for cancellation of removal because they are now 26 and 24 years old and have therefore aged out during the pendency of this appeal. *See Matter of Isidro*, 25 I&N Dec. 829, 831 (BIA 2012) ("It is well established that an application for relief from removal is a 'continuing' application."); *see also Matter of Ortega-Cabrera*, 23 I&N Dec. 793, 797 (BIA 2005) (holding that an application for cancellation of removal is a "continuing" application). Therefore, the respondent is not eligible for cancellation of removal because he does not have a qualifying relative. *See* INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D).

However, even assuming the respondent's children were still qualifying relatives, and upon our de novo review, we reverse the Immigration Judge's determination that the respondent's qualifying relatives would experience exceptional and extremely unusual hardship in the event of the respondent's removal to Mexico. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2026). In the aggregate, the hardships presented by the respondent are aligned with those encountered by families who face the removal of a relative, rather than hardship that is "substantially beyond" the ordinary hardship that would be expected when a close family member leaves this country. *See Matter of Monreal*, 23 I&N Dec. 56, 59, 62–64 (BIA 2001) (indicating that, when viewing factors in the aggregate, the hardship must be substantially beyond that which would ordinarily be experienced by qualifying relatives following an applicant's removal from the United States); *cf. Matter of Recinas*, 23 I&N Dec. 467, 470–72 (BIA 2002) (assessing the hardship factors and concluding that the case fell "on the outer limit of the narrow spectrum of cases in which the exceptional and extremely unusual hardship standard will be met").

In this regard, the record contains no evidence that the respondent's children have any serious medical or academic issues. *See Matter of Monreal*, 23 I&N Dec. at 63 (noting that a "strong applicant might have a qualifying child with very serious health issues, or compelling special needs in school"). Moreover, the economic detriment, diminished educational opportunities, and emotional hardship the respondent's children may experience in the event of the respondent's removal are insufficient to establish exceptional and extremely unusual hardship in the present case. *See Matter of Buri Mora*, 29 I&N Dec. 186, 187–88 (BIA 2025) (concluding that the respondent did not establish the requisite hardship based on economic detriment and family separation where the qua1ifying relatives would remain

in the United States); *see also Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (discussing the "sadly common hardships that can result when an alien parent is removed and must make the heart-wrenching decision between family unity and the children's ability to enjoy the educational and economic advantages of living in the United States").

The Immigration Judge found that the respondent's removal would result in economic and educational hardship for his children, who would be forced to seek part-time employment while in school in lieu of the respondent's financia1 support. However, economic and educational hardship of this nature is a common feature of a parent departing the United States. *See Matter of Andazola*, 23 I&N Dec. 319, 323 (BIA 2002). Moreover, the respondent did not provide any evidence or testimony reflecting that he would be unable to obtain employment in Mexico in the event of his removal. The respondent has not established that the possibility that his children would have to contribute to their post-secondary education is an uncommon practice that necessitates his continued presence such that it would permit them to continue their education. The Immigration Judge also noted that the respondent's removal would result in emotional hardship and a loss of stability for his qualifying children, with whom he has a close relationship. However, the respondent's wife remains present in the United States and, as significant of a hardship as family separation is, it does not generally meet the high standard of exceptional and extremely unusual hardship. *See Matter of Pilch*, 21 I&N Dec. 627, 631 (BIA 1996) (recognizing that emotional hardship from family separation is a common result of deportation), *aff'd* 129 F.3d 969 (7th Cir. 1997).

Based on the foregoing, we conclude that the evidence of record is insufficient as a matter of law to demonstrate that the respondent's removal would result in exceptional and extremely unusual hardship to his qualifying children. As this issue is dispositive of the respondent's eligibility for relief, we need not address the Immigration Judge's determination, or DHS' appellate arguments, regarding good moral character. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach"). Accordingly, the following orders will be entered.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's August 20, 2019, decision granting the respondent's application for cancellation of removal under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1), is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to Mexico.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).