# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1069
_____

Carlos Portillo-Escobar

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 7, 2014
Filed: October 17, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

El Salvadoran citizen Carlos Portillo-Escobar (Portillo) petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ's) denial of withholding of removal. When, as here, the BIA affirms without opinion, this court reviews the IJ's decision as the final agency determination. See Abdelwase v. Gonzales, 496 F.3d 904, 906 (8th Cir. 2007); see also De Castro-

Gutierrez v. Holder, 713 F.3d 375, 379 (8th Cir. 2013) (reviewing questions of law de novo, and agency's factual determinations under substantial-evidence standard). To qualify for withholding of removal, Portillo had to show there was a clear probability that his life or freedom would be threatened in El Salvador based on one of several protected grounds, such as membership in a particular social group, see Garcia v. Holder, 746 F.3d 869, 872 (8th Cir. 2014); and in administrative proceedings, Portillo identified two particular social groups, only one of which he mentions in his briefs.[1]

The IJ denied withholding of removal based on a finding that the group at issue here did not qualify as a particular social group, but alternatively the IJ found that Portillo's testimony did not establish he would be persecuted on his return to El Salvador based on his membership in such a group. Whether or not the group at issue qualifies as a particular social group–an issue we need not reach–we agree with the IJ that Portillo's testimony fell short of establishing his entitlement to withholding of removal on account of his membership in such a group. See Garcia, 746 F.3d at 872 (unless petitioner demonstrates evidence was so compelling that no reasonable fact finder could fail to find in his favor, factual findings will not be reversed); Costanza v. Holder, 647 F.3d 749, 753 (8th Cir. 2011) (per curiam) (clear probability of future persecution is extreme concept involving infliction or threat of death, torture, or injury to one's freedom or person on account of protected ground). The petition for review is denied.

_____

---

[1]Claims not briefed are waived. See Ali v. Holder, 686 F.3d 534, 538 n.1 (8th Cir. 2012). Portillo also does not brief his asylum claim.