# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3364

_____

Hector Gonzalez-Rivas

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 20, 2024
Filed: July 23, 2024

_____

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

This matter comes to us on remand after the Supreme Court vacated our previous opinion, Gonzalez-Rivas v. Garland, 53 F.4th 1129 (8th Cir. 2022), vacated, - - U.S. - -, 144 S. Ct. 1338 (2024), in light of Wilkinson v. Garland, 601 U.S. 209 (2024). In our previous opinion, we found unreviewable the Bureau of Immigration Appeal's ("BIA") determination that Gonzalez-Rivas did not satisfy the "exceptional and extremely unusual hardship" standard set forth in 8 U.S.C.

§ 1229b(b)(1)(D). Since we have jurisdiction to review application of this standard to a given set of facts, we turn to the BIA's determination that Gonzalez-Rivas's removal from the United States would not result in an exceptional and extremely unusual hardship to any of his qualifying children. See Wilkinson, 601 U.S. at 225 (explaining that whether the established facts satisfy the statutory eligibility standard in § 1229b(b) is subject to judicial review as a mixed question of law and fact).

Gonzalez-Rivas, a native and citizen of Guatemala, applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). He has three children that were 19, 10, and 5 years old at the time of the merits hearing in April 2017. Gonzalez-Rivas contends the Court must vacate the BIA's unfavorable decision because (1) he has a Fifth Amendment due process right to the care, custody, and control of his minor children; (2) the BIA should shift to a "best interests" analysis that considers the adverse emotional and financial effects on children caused by the permanent separation of a removed parent; and (3) the BIA abused its discretion or misapplied the hardship standard by citing to Matter of Pilch, 21 I&N Dec. 627, 631 (BIA 1996)—a case in which the hardship was not a parent permanently leaving his children, but a family being removed and separated from extended family residing in the United States.

As to his Fifth Amendment claim, the decision below does not mandate that Gonzalez-Rivas be separated from his minor children. As minors, it is the parents' decision whether to take the minor children along or leave them in the United States when and if they are deported. Liu v. United States Dep't of Justice, 13 F.3d 1175, 1177 (8th Cir. 1994). Further, Gonzalez-Rivas has provided no authority allowing us to direct the BIA to implement a new analytical standard for determining whether an exceptional and extremely unusual hardship exists.

Finally, the BIA considered the relevant hardship factors submitted by Gonzalez-Rivas cumulatively, noting specifically that Gonzalez-Rivas has a loving relationship with his children, that he provides financial support for his family, and that his children are in good health with no learning disabilities or mental health

issues.  After recognizing the importance of Gonzalez-Rivas in the children's lives, the BIA found that he did not demonstrate the requisite level of hardship for purposes of establishing his eligibility for cancellation of removal, as the hardship shown was not beyond that typically caused by a parent's removal from the United States.  It does not necessarily follow that because the BIA reached an unfavorable determination or cited a case that Gonzalez-Rivas believes can be distinguished from his case that the BIA misapplied the applicable hardship standard.  Application of the statutory exceptional and extremely unusual hardship standard is a mixed question of law and fact that is primarily factual thus our review is deferential.  See Wilkinson, 601 U.S. at 217.  The BIA had a complete picture of the hardship claimed by Gonzalez-Rivas and we find no error or abuse of discretion in the agency's determination that he failed to satisfy the standard.

The petition is denied.

_____