**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1277
_____

MILTON HUMBERTO ARGUETA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-016-477)
Immigration Judge: Leila McNeill Mullican

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: October 23, 2024)
_____

OPINION[*]
_____

PER CURIAM

Milton Humberto Argueta, a citizen of Guatemala who is proceeding pro se,

petitions for review of a decision of the Board of Immigration Appeals ("BIA") that

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismissed his appeal of an Immigration Judge's denial of his request for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We will dismiss the petition for review in part and deny it in part.

The Government charged Argueta with inadmissibility as a noncitizen who was present in the United States without having been admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). He applied for cancellation of removal. See 8 U.S.C. § 1229b(b). A nonpermanent resident like Argueta is statutorily eligible for such discretionary relief if he demonstrates: (1) physical presence in the United States for a continuous period of not less than ten years; (2) good moral character during that time; (3) no convictions for certain enumerated offenses; and (4) "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(A)-(D).

The parties agreed that Argueta met the first three requirements, but the Immigration Judge denied relief on the ground that Argueta failed to make the requisite showing that his removal would impose "exceptional and extremely unusual hardship" on his two daughters, who are United States citizens. In reaching that conclusion, the Immigration Judge acknowledged that Argueta, who lived with his daughters and their mother, had been in the United States for almost 20 years and provided the sole financial support for the family by working six days a week as a landscaper. The Immigration Judge also found that Argueta's daughters, who were 12 and 14 years old at the time, were "doing very well in school," did not "have any major medical issues," and that their

2

mother was healthy. In addition, the Immigration Judge determined that Argueta's daughters had Medicaid but did not receive "any kind of other benefits[,] . . . including . . . SNAP benefits or Food Stamps."

Based on these findings, the Immigration Judge held that, although Argueta's removal would deprive his daughters of his income and emotional support, they would not suffer the level of hardship necessary for cancellation of removal. Such hardship also would not exist, the Immigration Judge concluded, if the family moved to Guatemala. Although such a move would be "difficult," there was no "evidence that it would be impossible [given that Argueta's] partner is also from Guatemala, and the children are healthy and very smart girls." Argueta appealed. The BIA dismissed the appeal, concluding that the Immigration Judge's factual findings were not clearly erroneous and that the evidence failed to demonstrate that the "difficulties [Argueta's] qualifying relatives might face upon his removal to Guatemala would rise to the heightened exceptional and extremely unusual hardship standard." Argueta timely filed a petition for review.

Generally, denial of an application for cancellation of removal is not reviewable in federal court. 8 U.S.C. § 1252(a)(2)(B)(i). But we retain jurisdiction to review "constitutional claims or questions of law" that are raised in a petition for review. § 1252(a)(2)(D). While this petition for review was pending, the Supreme Court held that "the application of the statutory 'exceptional and extremely unusual hardship' standard to a given set of facts presents a mixed question of law and fact" subject to judicial review under § 1252(a)(2)(D). Wilkinson v. Garland, 601 U.S. 209, 221-22

3

(2024), abrogating Hernandez-Morales v. Att'y Gen., 977 F.3d 247, 249 (3d Cir. 2020). We still lack jurisdiction to review agency factfinding.[1] Id. at 225. But "[w]hen an IJ weighs those found facts and applies the 'exceptional and extremely unusual hardship' standard, . . . the result is a mixed question of law and fact that is reviewable under § 1252(a)(2)(D)." Id. at 222. "Because this mixed question is primarily factual, that review is deferential."[2] Id. at 225.

The Board has defined "exceptional and extremely unusual hardship" as harm to qualifying relatives that is "substantially beyond that which would ordinarily be expected to result from the alien's deportation." In re Monreal-Aguinaga, 23 I. & N. Dec. 56, 69 (BIA 2001). In assessing hardship, the agency cumulatively considers factors such as the qualifying relative's (or relatives') age, health, length of residence in the United States, and family and community ties in the United States and abroad. Id. at 63-64. "A lower standard of living or adverse country conditions in the country of return are factors to consider only insofar as they may affect a qualifying relative, but generally will be

---

[1] Therefore, to the extent that Argueta challenges the Immigration Judge's factual findings regarding his daughters' health and their ability to function academically if he were removed, we lack jurisdiction and will dismiss in part the petition for review. See Cortes v. Garland, 105 F.4th 124, 132 (4th Cir. 2024) (dismissing for lack of jurisdiction that portion of the petition for review that "would have us replace the Immigration Judge's factual findings with our own").

[2] We need not determine precisely how much deference is due because Argueta would not prevail even if we gave the agency decisions minimal deference. See Cortes, 105 F.4th at 134 ("[W]e leave to future decisions the task of sorting out how to apply the standard of review discussed in Wilkinson.").

4

insufficient in themselves to support a finding of exceptional and extremely unusual hardship." Id.

Argueta asserts that the hardship to his daughters, who will be "forced" to move to Guatemala with him if he is removed, is substantially beyond the hardship inherent in the removal of a parent.[3] In particular, he emphasizes that his daughters "are assimilated into American culture and do not speak Spanish." Argueta also asserts that, upon his removal, his daughters "would be deprived of educational, cultural, and social opportunities due to their acculturation." In addition, according to Argueta, his "children would not be able to function academically or socially in school, nor would they be able to function independently in society." Furthermore, he claims that it will be difficult for him to find a job in Guatemala "with which to continue guaranteeing a good present and future for" his daughters.

The factors that Argueta identified, while certainly not insignificant, do not establish that his daughters would suffer exceptional and extremely unusual hardship from his removal. See Singh v. Rosen, 984 F.3d 1142, 1154-55 (6th Cir. 2021) (holding that diminished educational opportunities are not enough to establish "exceptional and extremely unusual hardship"). In support of his challenge to the agency's application of the exceptional and extremely unusual hardship standard to the undisputed facts, Argueta

---

[3] Although Argueta also argues that the "IJ has not realized what are the best interests for my children," Pet'r's Br., 6, 7, 10, he "has provided no authority allowing us to direct the BIA to implement a new analytical standard for determining whether an exceptional and extremely unusual hardship exists." Gonzalez-Rivas v. Garland, 109 F.4th 1010, 1012 (8th Cir. 2024).

5

cites <u>Ramos de Rojas v. Gonzales</u>, where the Ninth Circuit in a not precedential opinion stated that the petitioner appeared be a viable candidate for cancellation of removal. No. 04-74682, 2007 WL 705832, at *2 (9th Cir. Mar 6. 2007) (not precedential). But in that case, one of the qualifying relatives was "developmentally delayed" and the record contained testimony from a school official and a psychiatrist regarding that child's educational and developmental needs. <u>Id.</u> at *1. Here, by contrast, the IJ found Argueta's daughters are healthy and doing well in school. Therefore, we conclude that, under any measure of deference, the Immigration Judge correctly determined that the facts, as she found them, do not rise to the level of exceptional and extremely unusual hardship, even when considered cumulatively.

Argueta also purports to raise a due process claim by asserting that the denial of cancellation violated his and his daughters' right to a "united family." But, as the Government points out, Argueta has not identified a substantive due process right allowing him to remain in the United States to live with his children. See <u>Payne-Barahona v. Gonzales</u>, 474 F.3d 1, 2 (1st Cir. 2007) ("The circuits that have addressed the constitutional issue . . . have uniformly held that a parent's otherwise valid deportation does not violate a child's constitutional right."); cf. <u>Morales-Izquierdo v. Dep't of Homeland Sec.</u>, 600 F.3d 1076, 1091 (9th Cir. 2010) (rejecting claim that denial of adjustment of status violated right of petitioner and his family to live together in the United States). Furthermore, there is no merit to Argueta's conclusory assertion that the agency ignored certain evidence, such as reports on country conditions in Guatemala. The IJ stated that she considered "all of the evidence in the record," including Argueta's

6

testimony and exhibits.[4]  And, in any event, Argueta has not demonstrated that any failure to consider the identified evidence resulted in substantial prejudice.  See Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010).

For the foregoing reasons, to the extent that Argueta challenges the agency's factual findings, we will dismiss the petition for review for lack of jurisdiction.  As to the agency's application of the law to those facts, we exercise jurisdiction and will deny the petition for review.

---

[4] It appears that one of the country condition reports cited in Argueta's brief was not submitted during the agency proceedings.  Similarly, although Argueta claims that one of his daughters has been treated for hair loss caused by stress, he seemingly did not raise that issue before the Immigration Judge.  See In re Fedorenko, 19 I. & N. Dec. 57, 74 (BIA 1984) (stating "that all evidence which is pertinent to determinations made during deportation proceedings . . . must be adduced in the hearing before the immigration judge").