# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1910
_____

Diego Herlindo Morales-Ortega

*Petitioner*

v.

James R. McHenry, III,[1] Acting Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: January 13, 2025
Filed: January 24, 2025
[Unpublished]
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Diego Morales-Ortega petitions for review of an order of the Board of Immigration Appeals (BIA) denying him cancellation of removal. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

---

[1]Acting Attorney General McHenry is automatically substituted for his predecessor under Federal Rule of Appellate Procedure 43(c)(2).

Morales-Ortega challenges the agency's determination that he did not demonstrate his United States citizen children will suffer exceptional and extremely unusual hardship upon his removal, *see* 8 U.S.C. § 1229b(b)(1). This court has jurisdiction to review the application of the statutory exceptional and extremely unusual hardship standard to an undisputed set of facts. *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). Because this mixed question of law and fact is primarily factual, our review is deferential. *See id.* at 225; *Gonzalez-Rivas v. Garland*, 109 F.4th 1010, 1012 (8th Cir. 2024). The record shows that the immigration judge considered the financial, familial, and emotional burdens Morales-Ortega's children would face if he were removed, and the temporary but serious health struggles of his partner, and concluded that the hardship, while significant, did not meet the exceptional and extremely unusual standard. The BIA affirmed the immigration judge's findings; considered the youngest child's newly diagnosed medical concerns; determined that Morales-Ortega did not present evidence that the youngest child would be unable to obtain adequate treatment upon Morales-Ortega's removal; and concluded that he did not meet the required burden of proof. *See Wilkinson*, 601 U.S. at 215 (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56 (BIA 2001)).

This court concludes that Morales-Ortega has not shown that the BIA failed to consider all of the relevant hardship factors or otherwise erred in its hardship analysis. Accordingly, the petition is denied. *See* 8th Cir. R. 47B.

_____