United States Court of Appeals

For the Eighth Circuit

_____

No. 20-2529

_____

Artemio Garcia-Pascual

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 14, 2025
Filed: July 7, 2025

_____

Before SMITH, ARNOLD, and STRAS, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After the Board of Immigration Appeals denied Artemio Garcia-Pascual's request for cancellation of removal, we dismissed his petition to review that decision for lack of jurisdiction. *See Garcia-Pascual v. Garland*, 62 F.4th 1096, 1103 (8th Cir. 2023). The Supreme Court vacated our decision and directed us to reconsider it in

light of *Wilkinson v. Garland*, 601 U.S. 209 (2024). Having done so, we now deny the petition for review.

During removal proceedings that the Department of Homeland Security initiated, Garcia-Pascual conceded that he was removable from the country as an alien present without being admitted or paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i), but he sought a form of relief known as cancellation of removal. To obtain cancellation of removal, Garcia-Pascual had to show, among other things, that his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States." *See id.* § 1229b(b)(1)(D). Garcia-Pascual maintained that the hardship his two sons would suffer should he be removed to his native Mexico without them would satisfy this standard. An immigration judge held a hearing on the matter at which Garcia-Pascual and his wife testified, and the judge found that both did so credibly. But he denied the request for cancellation of removal, holding that the hardships Garcia-Pascual's sons would suffer "are not substantially different from those that would normally be expected upon the separation of a parent from his children." Garcia-Pascual challenged the decision before the BIA, but the BIA affirmed the immigration judge's decision without opinion.

After we dismissed his petition on appeal, the Supreme Court in *Wilkinson* held that "[t]he application of a statutory legal standard (like the exceptional and extremely unusual hardship standard) to an established set of facts is a quintessential mixed question of law and fact" that we have jurisdiction to review. 601 U.S. at 212. When the Court vacated our prior decision in light of *Wilkinson*, we asked the parties to file supplemental briefs on Garcia-Pascual's petition. Though the parties don't dispute that we have jurisdiction to decide the petition, they disagree on the standard of review that governs. We need not resolve their dispute. As the Court noted in *Wilkinson*, 601 U.S. at 225, our review of whether the established facts show that Garcia-Pascual's sons would experience the requisite hardship must be "deferential,"

-2-

and Garcia-Pascual's petition fails whether we characterize that deference as requiring us to review for an abuse of discretion or for substantial evidence.

When the BIA affirms an immigration judge's decision without opinion, the immigration judge's decision is the final agency action for purposes of judicial review. *See Abdelwase v. Gonzales*, 496 F.3d 904, 906 (8th Cir. 2007). Garcia-Pascual does not take issue with the immigration judge's determination that to meet the hardship standard he had to show that his sons "would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here." *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001). He instead raises the precise type of challenge that the Court in *Wilkinson* says we have jurisdiction to consider: whether the established facts show that his sons would face exceptional and extremely unusual hardship upon his removal to Mexico.

In rejecting the contention that the boys would face exceptional and extremely unusual hardship, the immigration judge recognized that Garcia-Pascual's removal would likely strain the family financially and would remove a loving, paternal presence in the boys' lives. But, the judge noted, these difficulties aren't exceptional or unusual in removal cases. He also observed that the boys were healthy, do well in school, and would continue to attend the same schools if Garcia-Pascual were removed. In *Gonzalez-Rivas v. Garland*, 109 F.4th 1010, 1012 (8th Cir. 2024), we considered a similar petition for review submitted by a father seeking cancellation of removal who supported his family financially and had "a loving relationship with his" three children, all of whom were "in good health with no learning disabilities or mental health issues." We upheld the BIA's determination that "the hardship shown was not beyond that typically caused by a parent's removal from the United States." *See id.* There's no reason to take a different course here.

-3-

Garcia-Pascual points to some other circumstances in his effort to show that his removal will cause his sons exceptional and extremely unusual hardship. He observes that his eldest son, who was eleven years old at the time of the hearing, had just a month before the hearing learned that Garcia-Pascual was not his biological father. We agree with the immigration judge's observation that, though such a circumstance might be "uncommon" or even "unique," it doesn't necessarily follow that the resulting hardship the son will suffer is exceptional or extremely unusual. It goes without saying that separation from a family member is onerous, *see Tejado v. Holder*, 776 F.3d 965, 969 (8th Cir. 2015) (per curiam), and that's so for biological and non-biological children alike. We see no error in the immigration judge holding that this feature of Garcia-Pascual's case didn't allow him to clear the hardship bar.

Garcia-Pascual also highlights his wife's testimony that this son had been somewhat withdrawn since learning that Garcia-Pascual might be removed. But that must surely be true for many children his age who learn of a parent's potential removal, and, though we sympathize, the boy's response doesn't render his situation exceptional or extremely unusual. *Cf. Gonzalez Galvan v. Garland*, 6 F.4th 552, 556, 561 (4th Cir. 2021); *Araujo-Padilla v. Garland*, 854 F. App'x 646, 651 (6th Cir. 2021).

During the hearing Garcia-Pascual's wife testified that she had tried to obtain a passport for her eldest son, but her efforts proved unsuccessful without his biological father's signature, and his whereabouts are unknown. Garcia-Pascual faults the immigration judge for not addressing how this son's inability to leave the country to visit Garcia-Pascual might add to his hardship. But Garcia-Pascual doesn't direct us to any part of the administrative record where he told the immigration judge how the difficulty getting his son a passport contributed to the hardships his son would face. In fact, when Garcia-Pascual appealed the immigration judge's decision to the BIA, he barely mentioned the passport predicament. And when he did, he merely pointed out that his son might have difficulty visiting Garcia-Pascual's wife (not

Garcia-Pascual himself) should she be removed to Mexico sometime in the future. So it's no surprise that neither the immigration judge nor the BIA examined this contention closely. We note as well that Garcia-Pascual has not shown that the passport difficulty will last very long, that substitutes for in-person contact would not suffice, or that other families with a removed parent don't face similar obstacles, whether from legal hurdles like the inability to get a passport or from practical hurdles like the inability to pay for international travel. In sum, we see no reason to disturb the agency's determination on this ground.

Finally, Garcia-Pascual contends that the immigration judge erroneously concluded that the expected hardships were insufficient because the judge considered the hardships only in isolation and not in the aggregate. We disagree. A judge's discussion of items in sequential order does not mean that the judge has failed to consider their cumulative weight. And here, the judge explicitly noted that he had considered the hardships "individually and in the aggregate." Though the judge at one point cited a BIA decision for the proposition that "economic detriment alone is insufficient" to meet the hardship standard, the judge never purported to rely on that decision alone. Instead, the judge found that Garcia-Pascual had come up short whether it considered the adverse circumstances his sons faced individually or cumulatively. Since the judge carefully examined "a complete picture of the hardship claimed by" Garcia-Pascual, *see Gonzalez-Rivas*, 109 F.4th at 1012, we discern no reason to undo a decision to which we owe deference.

Petition denied.

———————————————