# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1094
_____

Martha Celestina Ramos Perez

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 6, 2026
Filed: May 11, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Martha Celestina Ramos Perez petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration

---

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

judge's decision denying her application for cancellation of removal. She challenges the agency's determination that she failed to establish her removal would result in "exceptional and extremely unusual hardship" to her United States citizen children. See 8 U.S.C. § 1229b(b)(1). We lack jurisdiction to review the agency's factual findings underlying the hardship determination, but we retain jurisdiction to review the application of the hardship standard to undisputed or established facts. See 8 U.S.C. § 1252(a)(2)(D); Wilkinson v. Garland, 601 U.S. 209, 212, 217-18, 225 (2024). Our review of the hardship determination is for substantial evidence, and we will not overturn it unless any reasonable adjudicator would be compelled to conclude to the contrary. See Alonso-Juarez v. Bondi, 169 F.4th 789, 794-96 (8th Cir. 2026); see also Urias-Orellana v. Bondi, 146 S. Ct. 845, 851 (2026).

Considering the record as a whole, there was sufficient evidence for a reasonable fact finder to conclude that any hardship to Ramos Perez's children would not be substantially different from, or beyond, that which would normally be expected to result from deportation. See Alonso-Juarez, 169 F.4th at 796. The record shows that the agency individually and cumulatively considered the familial, financial, emotional, and other hardships the children might face if Ramos Perez were removed. See Garcia-Pascual v. Bondi, 143 F.4th 910, 914 (8th Cir. 2025). Her hardship claim was based primarily on school-related issues with one child, but there was sufficient evidence that the child's situation was not exceptional and extremely unusual, especially given that Ramos Perez planned to leave the children in the United States in the care of their father. Further, there was sufficient evidence that a possible lower standard of living, even when considered aggregately with other factors, was not substantially beyond what is typically expected. See Alonso-Juarez, 169 F.4th at 793, 796; Garcia-Pascual, 143 F.4th at 913; Gonzalez-Rivas v. Garland, 109 F.4th 1010, 1012 (8th Cir. 2024). We are unpersuaded that Matter of Recinas, 23 I. & N. Dec. 467 (BIA 2002), which is materially distinguishable from her case, compels a different result. See Tejado v. Holder, 776 F.3d 965, 969 (8th Cir. 2015) (per curiam).

-2-

Ramos Perez has not shown that the agency misapplied the hardship standard. See Gonzalez-Rivas, 109 F.4th at 1012. Accordingly, we deny the petition for review. See 8th Cir. Rule 47B.

_____