# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1062

_____

Jose Luis Ramirez Cruz

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States; Markwayne Mullin, Secretary, Department of Homeland Security; David Venturella, Acting Director, Immigration and Customs Enforcement[1]

*Respondent*s

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 9, 2026
Filed: June 12, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Todd Blanche is automatically substituted as respondent in place of Pamela Bondi, Markwayne Mullin is automatically substituted in place of Kristi Noem, and David Venturella is automatically substituted in place of Todd Lyons.

PER CURIAM.

Mexican citizen Jose Ramirez Cruz petitions for review of an order of the Board of Immigration Appeals (BIA) which denied his motion to reopen and remand proceedings. We deny the petition.

Ramirez Cruz entered the United States at an unknown location and on a date unknown. In October 2019, an immigration judge denied him cancellation of removal because he failed to show his removal would result in exceptional and extremely unusual hardship to his qualifying relatives, see 8 U.S.C. § 1229b(b)(1); the BIA affirmed the IJ's decision and dismissed the appeal. Ramirez did not petition this court for review. Ramirez Cruz married Erika Sanchez in February 2023. He then filed with the BIA a motion to reopen and remand proceedings based on new facts which he asserted supported a finding of exceptional and extremely unusual hardship. The BIA denied the motion, reasoning that the evidence was insufficient to conclude the hardship his qualifying wife and stepchildren would endure would be beyond that which would ordinarily be expected to result from Ramirez Cruz's removal. Observing that Ramirez Cruz had submitted with his motion proof that the agency had received Sanchez's petition for alien relative, the BIA also considered whether reopening may be warranted so he could pursue adjustment of status pending the outcome of the petition. See Matter of Velarde-Pacheco, 23 I&N Dec. 253, 256 (BIA 2002) (factors agency must consider in evaluating motion to reopen to apply for adjustment of status based on pending family-based visa petition); see also Matter of Lamus-Pava, 25 I&N Dec. 61, 65 (BIA 2009) (modifying factors set forth in Velarde-Pacheco). The BIA nevertheless determined reopening was unwarranted because the motion included insufficient evidence that Ramirez Cruz's marriage to Sanchez was bona fide.

Ramirez Cruz first argues that reopening was warranted because he established that his removal would result in exceptional and extremely unusual hardship to his

wife and stepchildren. We conclude that the BIA did not abuse its discretion in denying his motion to reopen and remand so he could pursue cancellation of removal. See Manyary v. Bondi, 129 F.4th 473, 477 (8th Cir. 2025) (standard of review); 8 U.S.C. § 1229a(c)(7) (motions to reopen). An abuse of discretion occurs when the BIA "gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." See Islas-Saldana v. Garland, 59 F.4th 927, 930 (8th Cir. 2023) (citation omitted). The BIA may deny reopening if the movant fails to establish a prima facie case for the relief sought; the movant fails to introduce previously unavailable, material evidence; or the BIA determines that, even if those requirements were met, the movant would not be entitled to the discretionary grant of relief sought. See Robles v. Garland, 23 F.4th 1061, 1064 (8th Cir. 2022); cf. Caballero-Martinez v. Barr, 920 F.3d 543, 548 (8th Cir. 2019) (BIA will reopen only if noncitizen meets heavy burden of showing that new evidence would likely change the result). We retain jurisdiction to review the application of the hardship standard to undisputed or established facts. See 8 U.S.C. § 1252(a)(2)(D); Wilkinson v. Garland, 601 U.S. 209, 212, 217-18 & n.2 (2024). Our review of the hardship determination is for substantial evidence, and we will not overturn it unless any reasonable adjudicator would be compelled to conclude to the contrary. See Alonso-Juarez v. Bondi, 169 F.4th 789, 794-96 (8th Cir. 2026); see also Urias-Orellana v. Bondi, 146 S. Ct. 845, 851 (2026).

The evidence was sufficient for a reasonable factfinder to conclude that any hardship to Ramirez Cruz's wife and stepchildren would not be substantially different from or beyond that which would normally be expected to result from his deportation. See Alonso-Juarez, 169 F.4th at 794, 796. The record contradicts Ramirez Cruz's assertion that the BIA failed to consider all of the hardship evidence he presented with his motion. See Jama v. Wilkinson, 990 F.3d 1109, 1118 (8th Cir. 2021) (rejecting argument that agency failed to adequately consider certain evidence where it referenced record in its decision; agency has "no duty to write an exegesis on every

-3-

contention, but must consider issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and [not] merely reacted") (citation omitted and cleaned up); Averianova v. Holder, 592 F.3d 931, 936 (8th Cir. 2010) (noting BIA need not list every positive and negative factor in its decision, and it is the petitioner's burden to show that the BIA did not review the record when it considered the appeal) (citations and internal quotation marks omitted). To the extent Ramirez Cruz argues that the BIA focused exclusively on Sanchez's mental health or misrepresented the evidence as it related to her, we disagree; and to the extent he suggests the BIA should have considered additional factors in its hardship analysis, we agree with the government that he did not present evidence to suggest such factors were at play. See Gonzalez-Rivas v. Garland, 109 F.4th 1010, 1012 (8th Cir. 2024) (upholding adverse hardship determination where BIA "had a complete picture of the hardship claimed"); see also 8 U.S.C. § 1252(d)(1); Santos-Zacaria v. Garland, 598 U.S. 411, 423 (2023) (exhaustion requirement in § 1252(d)(1) is non-jurisdictional claim-processing rule subject to waiver or forfeiture); Essel v. Garland, 89 F.4th 686, 691 (8th Cir. 2023) (while exhaustion requirement is not jurisdictional, it is appropriate when proceedings before IJ and BIA were adversarial in nature and petitioner was represented by counsel).

Ramirez Cruz also argues that the evidence was sufficient to establish his marriage is bona fide, and accordingly, reopening was warranted to permit him to apply for adjustment of status based on the pending visa petition. The government asserts that Ramirez Cruz never raised the claim before the agency, and in any event, Ramirez Cruz is ineligible for the relief. We decline to address the merits of this claim, because the record does not establish that the claim has been exhausted. See 8 U.S.C. § 1252(d)(1); Santos-Zacaria, 598 U.S. at 423; see also Rafiyev v. Mukasey, 536 F.3d 853, 858 (8th Cir. 2008) (concluding exhaustion concerns had not been satisfied because, inter alia, petitioner did not brief matter before BIA, and government only briefly addressed issue; record was too meager to "decide whether arguments by [the government] or discussion by the BIA ever can exhaust an issue

not raised by the petitioner"); cf. Margolin v. Nat'l Ass'n of Immigr. Judges, No. 25-767, 2026 WL 1463466, at *2 (U.S. May 26, 2026) (concluding court violated party-presentation principle when it decided a case "different from the one respondent advanced" and that the government never had the chance to address) (internal quotation marks and citation omitted).

Accordingly, we deny the petition for review.

_____